**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Thomas Lavell McCLAIN,
Defendant–Appellee.**

No. 97–15128.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 10, 1997

Decided Jan. 13, 1998.

As Amended Feb. 26, 1998.

Jodi B. Rafkin, Assistant United States Attorney, Sacramento, California, for plaintiff-appellant.

Candace A. Fry, Sacramento, California, for defendant-appellee.

Before: FLETCHER, WIGGINS and RYMER, Circuit Judges.

FLETCHER, Circuit Judge:

The United States appeals the district court's refusal to resentence defendant, Thomas McClain, after his conviction and sentence for violation of 18 U.S.C. § 924(c), use of a weapon in connection with a drug trafficking offense, were vacated. The district court held that it would be a violation of double jeopardy to resentence the defendant because he had already completed his sentence related to the drug trafficking offense. We have jurisdiction, 28 U.S.C. §§ 2253 and 2255, and hold that there would be no violation of double jeopardy and reverse and remand for resentencing.[1]

## FACTS AND PROCEDURAL HISTORY

In January, 1993, Defendant/Appellee, Thomas McClain, pled guilty to 21 U.S.C. § 841(a)(1), possession of cocaine base and cocaine hydrochloride with intent to deliver, and to 18 U.S.C. § 924(c), use of a weapon in connection with drug trafficking.

Pursuant to a plea agreement and after appropriate downward departures were applied, Mr. McClain was sentenced to 37 months for the drug charge, and to 60 months consecutive for the weapons charge. Because the defendant had been convicted of § 924(c), use of a weapon, he did not receive a two point enhancement for possession of a weapon in connection with a drug trafficking offense, pursuant to U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (1995). That enhancement is unavailable where the defendant possessed a weapon in connection with a drug offense but has been also convicted of or pled guilty to a violation of § 924(c). This court affirmed that judgment.

In April, 1996, following *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995) (holding proximity of weapon to drugs is by itself not enough to support a § 924(c) conviction), McClain brought an action under 28 U.S.C. § 2255, challenging his § 924(c) conviction. By this time, he had served over 50 months. The government conceded that his § 924(c) conviction was improper, but requested that McClain be resentenced as to the drug trafficking offense since the base level for that offense would have been increased by two points had he not pled guilty to § 924(c).

McClain's petition was referred to a magistrate judge who recommended that McClain's motion be granted and that he be released. The magistrate judge determined that it would be a violation of double jeopardy to resentence McClain since he had already fully served his 37 month sentence related to the drug charge, a sentence which he had not challenged in his § 2255 petition. The magistrate judge also determined that the court need not reach the issue of whether it even had jurisdiction to resentence McClain following the vacated § 924(c) conviction, since to do so would violate double jeopardy. The district court adopted the magistrate's recommendation and released McClain from custody.

## ANALYSIS

There are two issues in this appeal. The first, whether the district court has jurisdiction to resentence a defendant after the defendant successfully moves to have a § 924(c) conviction vacated, recently has been addressed by this court. The second, whether double jeopardy would be violated if the defendant is resentenced even though he had already completed that portion of the sentence connected to the underlying drug of-

---

1. We note, however, that upon resentencing, the district court is not foreclosed from considering any factor permissible under the guidelines that might result in a downward departure, and that on the facts of this case, a sentence that reflects time served may be appropriate.

fense, is an issue of first impression in the Ninth Circuit.

■ A district court's decision on a § 2255 motion is reviewed de novo. *Sanchez v. United States,* 50 F.3d 1448, 1451–52 (9th Cir.1995). Whether the Double Jeopardy Clause has been violated is a matter of law, reviewed de novo by this court. *United States v. Blount,* 34 F.3d 865, 867 (9th Cir. 1994).

## I. District Court Jurisdiction to Resentence

This court has held that, following a successful § 2255 petition to vacate a § 924(c) conviction and sentence, the district court has the authority to resentence a defendant in order to "correct" the defendant's sentence related to the underlying offense, to reflect the possession of a weapon. *United States v. Handa,* 122 F.3d 690 (9th Cir.1997). We noted in *Handa* that our decision was consistent with those of other circuits,[2] and that resentencing was proper because the vacation of the § 924(c) sentence "unbundled" the sentencing package. *Id.* at 692. As such, the district court judge should be allowed "to put together a new package reflecting its considered judgment as to the punishment the defendant deserves for the crimes of which he is still convicted." *Id.*

## II. Double Jeopardy

■ Because McClain had already completed the 37 month sentence related to the drug trafficking offense when he petitioned the court to vacate his conviction and sentence related to the § 924(c) charge, he argues that he had a legitimate expectation of finality as to the 37 month sentence, and that resentencing would violate double jeopardy.[3] We disagree.

■ Double jeopardy prohibits an increase in a defendant's sentence "where the legitimate expectation of finality has attached to the sentence." *Stone v. Godbehere,* 894 F.2d

1131, 1135 (9th Cir.1990) (citing *U.S. v. Di-Francesco,* 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980)).

This court has already held that double jeopardy is not violated where a defendant is resentenced after his § 924(c) conviction, and sentence related to that conviction, are vacated. *Handa,* 122 F.3d at 692; *see also United States v. Moreno–Hernandez,* 48 F.3d 1112 (9th Cir.), *cert. denied,* 515 U.S. 1151, 115 S.Ct. 2598, 132 L.Ed.2d 844 (1995) (holding that a district court which resentences a defendant pursuant to an appellate court mandate vacating the defendant's entire sentence is free to reconsider the entire "sentencing package").

The only difference between the case at hand and *Handa,* and the case upon which it relies, *Moreno–Hernandez,* is that in each of those cases, the defendants had not fully served that portion of their sentences related to the underlying offenses with which they were charged and convicted.

This distinction is irrelevant. Like the defendants in *Handa* and *Moreno–Hernandez,* Mr. McClain was sentenced to a single, unified sentence. Although the total sentence of 97 months was created by assessing separately the appropriate sentence for each conviction, McClain's ultimate sentence was a single "package". It is undisputed that the offense level for McClain's drug trafficking conviction would have been increased by two levels but for the fact that he was also convicted of, and sentenced for, a § 924(c) violation. *See* U.S. Sentencing Guidelines Manual § 2K2.4, cmt. 4 (1995); *see also* 18 U.S.C. § 924(c) (explaining that a § 924(c) conviction requires the existence of an underlying offense).

The interrelatedness of the sentences imposed when a defendant is convicted of both an underlying offense and § 924(c) has been the focus of the four other circuits that have addressed this same issue and held that no double jeopardy violation exists, even when a defendant has completed that portion of his

---

2. *See, e.g., United States v. Hillary,* 106 F.3d 1170 (4th Cir.1997) (holding that a defendant's § 2255 petition challenging only his § 924(c) conviction granted the district court jurisdiction over the entire "sentencing package", enabling the district court to resentence the defendant on the unchallenged, underlying offenses); *United States v. Smith,* 103 F.3d 531 (7th Cir.), *cert. denied,* ——

U.S. ——, 117 S.Ct. 1861, 137 L.Ed.2d 1061 (1997) (same).

3. McClain does not argue that the two point enhancement would have been improper if initially imposed.

sentence related to the underlying offense of which he was convicted. *See United States v. Benbrook,* 119 F.3d 338, 340 (5th Cir.1997); *United States v. Alton,* 120 F.3d 114, 116 (8th Cir.1997); *United States v. Smith,* 115 F.3d 241, 247 (4th Cir.1997); *United States v. Smith,* 103 F.3d 531, 535 (7th Cir.), *cert. denied* — U.S. ——, 117 S.Ct. 1861, 137 L.Ed.2d 1061 (1997).

 We join these circuits in concluding that when a defendant is convicted of both an underlying offense and § 924(c), he reasonably cannot have a legitimate expectation of finality in a portion of the total sentence, even if he has fully served that portion. Defendants know or are charged with knowing how the Sentencing Guidelines operate.[4] A defendant's expectations regarding finality, therefore, can relate only to his entire sentence, not the discrete parts.

Mr. McClain argues that our decision in *United States v. Arrellano-Rios,* 799 F.2d 520 (9th Cir.1986), is controlling. We disagree. The defendant in *Arrellano-Rios,* was convicted of aiding and abetting a drug crime and of violating § 924(c). *Id.* at 521. He received a 12 month sentence for the drug conviction, and a 60 month consecutive sentence for the § 924(c) conviction. He appealed his conviction. As in the instant case, the government in *Arrellano-Rios* agreed that the defendant should not have been convicted of a § 924(c) offense, but argued that he should be resentenced as to the aiding and abetting conviction. *Id.* at 523. We held that resentencing the defendant would be a violation of double jeopardy since Mr. Arrellano-Rios already had fully served the sentence related to the drug charge. *Id.*

Unlike the defendant in *Arrellano-Rios,* however, Mr. McClain's sentence was imposed pursuant to the sentencing guidelines. Mr. McClain knew, therefore, that the 37 month sentence he received for his drug trafficking conviction would have been higher but for the § 924(c) conviction. As we explained, this interrelatedness prevented Mr. McClain from reasonably gaining an expectation of finality as to the 37 month sentence. Such a relationship did not exist between the two sentences received by Mr. Arrellano-Rios. That case is therefore inapposite.

4. Mr. McClain and his attorney received and reviewed the presentencing report which explained the imposition of the § 924(c) charge and sentence in lieu of the two point enhance-

## CONCLUSION

Because of the interrelatedness of the sentences imposed when a defendant is convicted of both an underlying offense and § 924(c), a legitimate expectation of finality cannot attach as to that portion of the sentence related to the underlying offense, even when a defendant has fully served that portion. Accordingly, double jeopardy is not violated when a defendant's § 924(c) conviction and sentence are vacated, and he is resentenced as to the underlying offense to reflect a two point enhancement for possession of a weapon. The judgment of the district court is REVERSED and the case is REMANDED for resentencing.

ment. Further, a defendant is charged with knowledge of the Sentencing Guidelines applicable to his or her crime. *Moreno–Hernandez,* 48 F.3d at 1115.