**UNITED STATES of America Plaintiff–Appellee,**

**v.**

**Cosme IBARRA–ROSAS, Defendant– Appellant.**

**United States of America, Plaintiff–Appellee,**

**v.**

**Victor Sanchez–Garcia, Defendant– Appellant.**

Nos. 00–30066, 00–30208, 00–30209.

D.C. Nos. CR 98–2135 FVS, CR 98–2132 FVS, CR 98–2073 FVS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 6, 2001.

Decided Aug. 22, 2001.

Before NOONAN, TASHIMA, and RICHARD C. TALLMAN, Circuit Judges.

## MEMORANDUM *

Sanchez–Garcia's appeal

■ *Disqualification of Counsel.* The presumption is that a criminal defendant may have counsel of his choice if he can pay for it and counsel is willing. *Wheat v. United States,* 486 U.S. 153, 164, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988). The presumption, however, may be overcome by even "a showing of a serious potential for conflict." *Id.* We review the district court's decision on a motion to disqualify counsel for an abuse of discretion. *See id.* at 163–64, 108 S.Ct. 1692. Here, the record clearly supports the district court's removal of Sanchez's attorney. Therefore, we cannot conclude that the court abused its discretion in granting the government's motion.

■ *Sufficiency of the Evidence.* When reviewing a challenge to the sufficiency of the evidence, we must determine whether, after reviewing the evidence in the light most favorable to the government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *United States v. Hubbard,* 96 F.3d 1223, 1226 (9th Cir.1996). " 'To obtain a conviction for conspiracy, the government must first prove the existence of a conspiracy. Once the existence of the conspiracy is shown ... the government need only prove a "slight" connection between the defendant and the conspiracy.' " *United States v. Aichele,* 941 F.2d 761, 763 (9th Cir.1991) (quoting *United States v. Baron,* 860 F.2d 911, 919 (9th Cir.1988)). Sanchez does not challenge the existence of a conspiracy. Rather, he argues that the evidence failed to establish that he was sufficiently connected to the conspiracy.

This argument fails. Sanchez *admits* that both Wright and Strickland testified that they "engaged in criminal activity at the behest of Mr. Sanchez." He claims, however, that their testimony should not be credited. That, of course, is the wrong standard. "A fundamental premise of our criminal trial system is that the jury is the lie detector. Determining the weight and credibility of witness testimony, therefore, has long been held to be the part of every case [that] belongs to the jury." *United States v. Scheffer,* 523 U.S. 303, 313, 118 S.Ct. 1261, 140 L.Ed.2d 413 (1998) (internal quotation marks, alterations, and internal citation omitted).

■ *Sentencing Issues.* Sanchez claims that his sentence violated *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Because Sanchez did not object to his sentence below, we review his claim for plain error. *United States v. Nordby,* 225 F.3d 1053, 1060 (9th Cir. 2000). To secure reversal under this standard, Sanchez must prove that: "(1) there was 'error'; (2) the error was 'plain'; and (3) that the error affected 'substantial rights.' If these conditions are met, we may exercise our discretion to notice the forfeited error only if the error (4) 'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.' " *Id.* (internal citation omitted). The government concedes that the district court erred and that the error was plain. The first real question, then, is whether the district court's failure to submit the question of drug quantity to the jury affected Sanchez's "substantial rights." "There are two possible approaches to this issue. One is simply to weigh the extra sentence imposed upon [Sanchez] beyond that permitted by the jury's verdict. The jury convicted [Sanchez] of [conspiracy to] violat[e]

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Cir. R. 36–3.

§ [953] with no specification of the amount of drugs involved." *Id.* "A second, more stringent approach would be to treat drug quantity as the equivalent of an element of the offense on which the jury was not instructed" and determine whether the error was harmless beyond a reasonable doubt. *Id. Nordby* did not decide which approach should apply, as it found that the defendant's rights in that case were substantially affected even under the more stringent approach. Similarly here, we need not decide the issue because Sanchez fails either test. That is so because, with or without the *Apprendi* error, Sanchez's sentence would have been the same under the guidelines. *See United States v. Kentz,* 251 F.3d 835, 842 (9th Cir.2001) ("USSG § 5G1.2(d) requires the sentence to be imposed on one or more counts to run consecutively to the extent necessary to achieve the total punishment.... Because his sentence would have to be structured to come out the same way regardless, we cannot say that Kentz was in any way prejudiced or that the fairness of the proceedings was affected even if there were error."); U.S.S.G. § 5G1.2(d) ("If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment.").[1]

### Ibarra–Rosas' appeal

■ *Double Jeopardy.* Ibarra claims that the current prosecution violated the Double Jeopardy Clause of the United States Constitution. Whether a defendant's double jeopardy rights have been violated is a question of law reviewed de novo. *See United States v. McClain,* 133 F.3d 1191, 1193 (9th Cir.1998). We find that Ibarra was not subjected to successive prosecutions for the same acts. It is clear from the record that each indictment covers completely different acts committed at different times. Consequently, because the successive prosecutions did not "aris[e] out of the same criminal act or transaction," *United States v. Chick,* 61 F.3d 682, 687 (9th Cir.1995), the Double Jeopardy Clause was not implicated, much less violated. *See United States v. Solomon,* 753 F.2d 1522, 1527 (9th Cir.1985).

■ *Speedy Trial Act.* Ibarra contends that the government violated the Speedy Trial Act by intentionally delaying the second indictment. Ibarra's Speedy Trial Act Claim assumes that the second indictment was based on conduct that was charged under the first indictment. As stated above, the record does not support this position. Even if the second indictment was based on conduct that occurred in March 1996, Ibarra failed "to show that the government's delay was undertaken solely to gain tactical advantage over the accused." *United States v. Sherlock,* 962 F.2d 1349, 1354 (9th Cir.1992) (internal quotation marks omitted).

■ *Sentencing.* Ibarra claims that his sentence violates *Apprendi.* There is no question both that there was error and that it was plain. Furthermore, the government presents no convincing argument that the error did not affect Ibarra's substantial rights under either of *Nordby's* test. Rather, the government argues that

---

1. Both defendants argue that they have a constitutional right to have a jury find beyond a reasonable doubt offense conduct such as possession of a firearm, organizer or leader, number of people involved, and restraint of another. These arguments are foreclosed by *United States v. Hernandez–Guardado,* 228 F.3d 1017, 1027 (9th Cir.2000), which held that *Apprendi* has no application to Guidelines enhancements that do not increase the defendant's statutory maximum.

the error did not seriously affect the fairness, integrity, or public reputation of the judicial proceeding. That argument fails. In *Nordby,* we found that "[t]he rights to jury trial and a determination of guilt beyond a reasonable doubt are the bedrock of our constitutional system of justice. Moreover, fairness is undermined when a court's error 'impose[s] a longer sentence than might have been imposed had the court not plainly erred.'" *Nordby,* 225 F.3d at 1061 (internal citations omitted). Without the *Apprendi* error, Ibarra would have been exposed to a maximum sentence of 20 years. *See* 21 U.S.C. § 960(b)(3). Therefore, we find that the error "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Nordby,* 225 F.3d at 1061 (internal quotation mark omitted). Accordingly, we vacate Ibarra's sentence and remand for resentencing pursuant to 21 U.S.C. § 960(b)(3).

Disposition

As to Sanchez–Garcia's appeals, in Nos. 00–30208 and 00–30209, the judgment of conviction and the sentence are affirmed.

As to Ibarra–Rosas' appeal, in No. 00–30066, the conviction is affirmed, but the sentence is vacated and his case is remanded to the district court for resentencing.

AFFIRMED in part, VACATED and REMANDED in part.