UNITED STATES of America,
Plaintiff—Appellee,

v.

Cosme IBARRA–ROSAS, Defendant—
Appellant.

No. 02–30073.

United States Court of Appeals,
Ninth Circuit.

Submitted April 8, 2003.*

Decided April 10, 2003.

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

**800**

Before: D.W. NELSON, THOMAS, Circuit Judges, and ILLSTON,** District Judge.

MEMORANDUM ***

Appellant Cosmé Ibarra–Rosas challenges his 240–month prison sentence for his conviction of one count of conspiracy to export cocaine. He was originally sentenced to 360 months in prison but was resentenced after appeal pursuant to *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *See United States v. Ibarra–Rosas,* 17 Fed. Appx. 565 (9th Cir.2001). The appellant contends that the new sentence still vio-

lates *Apprendi* and that the district court erred in applying various sentence enhancements.

*I. Alleged Apprendi Violation*

 Because the appellant failed to object to the district court's determination that factual issues relevant to sentencing did not need to be submitted to the jury, his sentence is reviewed for plain error, under which he "must establish an error, that was plain, and that affected his substantial rights. If [the appellant] makes this showing, we may exercise our discretion to correct the error only if we conclude that it seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Buckland,* 289 F.3d 558, 563 (9th Cir.2002) (en banc) (citation and internal quotation marks omitted).

 We find no *Apprendi* error, plain or otherwise. The Supreme Court in *Apprendi* held that "any fact that increases the penalty for a crime *beyond the prescribed statutory maximum* must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. 2348 (emphasis added). The appellant was sentenced under 21 U.S.C. § 960(b)(3) (2001), which authorizes a maximum sentence of twenty years and does not require any finding of drug quantity or any fact not submitted to the jury. Thus, the appellant was sentenced according to the prescribed statutory maximum for the elements of the crime that were submitted to the jury. *See United States v. Sua,* 307 F.3d 1150, 1154 (9th Cir.2002) (considering a sentence under an analogous statute, 21 U.S.C. § 841(b)(3) (2001), and finding that "[s]ince [the] sentence was not beyond the

** The Honorable Susan Y. Illston, United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

prescribed statutory maximum, it did not violate *Apprendi*"); *United States v. Garcia-Guizar*, 234 F.3d 483, 488–89 (9th Cir. 2000) (finding that where the jury makes no findings with respect to quantity of drugs, the judge may sentence based on statutory provisions that have no drug-quantity requirement). Likewise, the appellant's supervised release term of four years does not violate *Apprendi* because the statute authorizes "a term of supervised release of *at least* 3 years." 21 U.S.C. § 960(b)(3) (2001) (emphasis added); *see Sua*, 307 F.3d at 1154 (finding no error in imposing a five-year supervised release term where analogous statutory language authorized a term of "at least" three years).

## II. Sentencing Enhancements

This Court reviews the district court's findings of fact relating to sentencing enhancements for clear error. *United States v. Fuentes–Mendoza*, 56 F.3d 1113, 1116 (9th Cir.1995).

■ We first note that the district court correctly used the preponderance of the evidence standard in determining each sentencing factor. *United States v. Jordan*, 256 F.3d 922, 927 (9th Cir.2001). Although a "clear and convincing evidence" standard may be required "when a sentencing factor has an extremely disproportionate effect on the sentence relative to the offense of conviction," *id.* (citations and internal quotation marks omitted), this is not such a case. The determination of drug quantity attributable to a conspiracy is always determined by a preponderance of the evidence, *United States v. Harrison–Philpot*, 978 F.2d 1520, 1523–24 (9th Cir.1992), and the drug quantity determination alone would lead to a guideline range of 210–262 months. U.S. Sentencing Guidelines Manual ch. 5, pt. A (2001). At most, the other sentencing factors in-

creased the appellant's sentence by thirty months, which is not disproportionate under the test set out in *Jordan*, 256 F.3d at 928.

■ The district court's drug quantity determination was supported by a preponderance of the evidence. Direct testimony of confidential informants and co-conspirators, on which the district court was entitled to rely, established that the appellant was involved in exporting at least fifteen kilograms of cocaine to Canada. Although the district court determined a total drug quantity of thirty-two kilograms, any amount between fifteen and fifty kilograms leads to a base offense level of thirty-four, U.S. Sentencing Guidelines Manual § 2D1.1(c) (2001), so any error in determining an amount above fifteen kilograms would be harmless.

■ The two-level firearms enhancement imposed by the district court was also supported by a preponderance of the evidence. Both the confidential informant and the co-conspirator testified that members of the conspiracy carried firearms and threatened others with them. As a conspirator, the appellant is liable for "all reasonably foreseeable acts and omissions of others in furtherance" of the conspiracy. *Id.* § 1B1.3(a)(1). We find it obvious that in a transnational drug smuggling operation the use of firearms is foreseeable, and the appellant has not made any argument as to why it would not be.

A drug quantity finding of at least fifteen kilograms of cocaine coupled with a firearms enhancement leads to an offense level of thirty-six. With the appellant's Criminal History Category of IV, to which he does not object, this offense level would result in a guideline range of 262–327 months. *Id.* ch. 5, pt. A. Because this range is greater than the appellant's actual sentence of 240 months, we need not de-

termine whether the district court erred in applying the other sentencing factors.

**AFFIRMED.**