UNITED STATES of America, Plaintiff—Appellant,

v.

Michael James MURPHY, Defendant—Appellee.

United States of America, Plaintiff—Appellee,

v.

Michael James Murphy, Defendant—Appellant.

Nos. 04–50429, 04–50458.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 3, 2005.*

Decided Sept. 26, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Lawrence E. Spong, Stephen P. Clark, AUSA, USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff—Appellant.

Timothy A. Scott, Esq., San Diego, CA, for Defendant—Appellee.

Before: CANBY, KOZINSKI and RAWLINSON, Circuit Judges.

### MEMORANDUM **

■ 1. The district court abused its discretion by refusing to allow the defense to introduce evidence that F.J.T., a female juvenile, had identified a "fat Mexican man" (i.e., not the defendant) as the person who concealed her in the defendant's van to be smuggled into the United States. The district court held that F.J.T.'s prior declaration to Inspector Gale as to who put her in the van was not admissible under Federal Rule of Evidence 801(d)(1)(C) because it was not made under oath. But Rule 801(d)(1)(C) does not require that the prior identification be under oath, only that the declarant testify at trial, which she did. *See* Fed.R.Evid. 801(d)— (d)(1)(C). Because the district court misinterpreted Rule 801, it abused its discretion. *See Stock West Corp. v. Taylor,* 942 F.2d 655, 663 (9th Cir.1991).

■ At trial, Murphy testified that he did not know that F.J.T. was concealed in the van. Because F.J.T. was hidden so artfully that even border control agents did not detect her presence until two days after the van was seized, and because she allegedly identified someone other than the defendant as the person who concealed her in the van's hidden compartment, "[w]e cannot say with assurance, fair or otherwise, that exclusion of [F.J.T.'s prior declaration] did not change the outcome."

*United States v. Crosby,* 75 F.3d 1343, 1350 (9th Cir.1996).

F.J.T.'s prior declaration to Inspector Gale might have created a reasonable doubt for jurors whether Murphy was guilty of counts three and four of the indictment. Murphy's defense was that someone else had placed F.J.T. into the van. By denying Murphy the opportunity to introduce F.J.T.'s prior statement identifying another individual as the culprit, the district court materially undermined Murphy's defense. Accordingly, Murphy's convictions as to these counts are reversed.

■ On the other hand, persuasive testimony proffered at trial that Morales–Mendez was visible to Murphy gives us a "fair assurance" that the erroneous exclusion of F.J.T.'s prior identification of a "fat Mexican man" was harmless with respect to the first two counts of the indictment. *See Crosby,* 75 F.3d at 1349.

■ 2. Although we reverse Murphy's convictions on counts three and four, we must still consider whether the government proffered sufficient evidence to support the convictions. *See United States v. Boulware,* 384 F.3d 794, 809–10 (9th Cir. 2004) (Double Jeopardy Clause claims). A rational juror could have concluded beyond a reasonable doubt that Murphy knowingly brought F.J.T. into the United States illegally on the basis of her testimony that she was born in Oaxaca, the fact that she crossed the Mexico–United States border while concealed in a secret compartment of a van door and the payment of $300 to Murphy to drive the van across the border. *See United States v. Barajas–Montiel,* 185 F.3d 947, 954 (9th Cir.1999). Because the government introduced sufficient evidence to sustain Murphy's convictions on counts

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

three and four of the indictment, the government may retry Murphy on these counts.

■ 3. In permitting the government to question Murphy on cross-examination regarding his two prior felony convictions, the district court failed to evaluate on the record whether "the probative value of admitting this evidence outweigh[ed] its prejudicial effect to the accused." Fed. R.Evid. 609(a)(1); *see United States v. Jimenez,* 214 F.3d 1095, 1098 (9th Cir. 2000). However, Murphy's two prior felony convictions were unrelated to the present charges, and he had already mentioned his former convictions on direct examination. Thus, even if the district court abused its discretion in admitting details on cross regarding Murphy's prior felony convictions, any error was harmless. *See Jimenez,* 214 F.3d at 1099. Murphy's convictions on counts one and two of the indictment are affirmed.

■ 4. We do not reach the government's appeal of Murphy's 36–month sentence because, having concluded that only two of Murphy's four counts of conviction survive, we vacate his entire sentence:

When a defendant is sentenced on multiple counts and one of them is later vacated on appeal, the sentencing package comes "unbundled." The district court then has the authority " 'to put together a new package reflecting its considered judgment as to the punishment the defendant deserve[d] for the crimes of which he [wa]s still convicted.' "

*United States v. Bennett,* 363 F.3d 947, 955 (9th Cir.2004) (quoting *United States v. Ruiz–Alvarez,* 211 F.3d 1181, 1184 (9th Cir.2000) (alterations in original) (quoting *United States v. McClain,* 133 F.3d 1191, 1193 (9th Cir.1998) (quoting *United States v. Handa,* 122 F.3d 690, 692 (9th Cir. 1997)))). Murphy's sentence is vacated and remanded for resentencing; the government's appeal of his sentence is dismissed as moot.

AFFIRMED IN PART; REVERSED IN PART; SENTENCE VACATED; REMANDED FOR RESENTENCING.