**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
      *Plaintiff-Appellee,*

v.

ESTEBAN RAYGOSA-ESPARZA,
      *Defendant-Appellant.*

No. 07-50573

D.C. No.
CR-02-00003-VAP-
2

OPINION

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Argued and Submitted
April 7, 2009—Pasadena, California

Filed May 15, 2009

Before: Harry Pregerson and David R. Thompson, Circuit
Judges, and Jeremy D. Fogel,* District Judge.

Opinion by Judge Thompson

---

*The Honorable Jeremy D. Fogel, United States District Judge for the
Northern District of California, sitting by designation.

5893

## COUNSEL

Neha Mehta, Deputy Federal Public Defender, Los Angeles, California, for the defendant-appellant.

Sheri Pym, Assistant United States Attorney, Riverside, California, for the plaintiff-appellee.

## OPINION

THOMPSON, Senior Circuit Judge:

Esteban Raygosa-Esparza ("Raygosa-Esparza") challenges the new sentence imposed by the district court following his successful 28 U.S.C. § 2255 petition. We affirm.

Raygosa-Esparza was found guilty by a jury of two counts of conspiring to smuggle drugs into a federal prison, in violation of 21 U.S.C. § 846, and 18 U.S.C. § 1791(a)(2).

The indictment identified heroin, methamphetamine, and marijuana as objects of the conspiracy. Prior to trial, the parties stipulated to the type and quantity of the drugs involved in the offenses: nine and a half grams of heroin, six grams of methamphetamine, and eight and three-tenths grams of marijuana. The jury returned a general verdict on both counts; neither party requested a special verdict reflecting the drugs involved.

Raygosa-Esparza was sentenced to 210 months on each count. The district court imposed the two terms concurrently, along with three years supervised release and a special assessment of $200.

Several months later, Raygosa-Esparza filed a pro se motion under 28 U.S.C. § 2255. The government alerted the district court to a possible *Apprendi* error, though Raygosa-Esparza had not raised the issue in his § 2255 petition. *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The district court found that Raygosa-Esparza's original sentence had been calculated in violation of *Apprendi*, because the sentence

relied on the fact that his offense involved marijuana, heroin, and methamphetamine, a specific fact that was not found by the jury in its general verdict. The court granted Raygosa-Esparza's § 2255 motion on this sole ground, and held that the jury's verdict supported a finding of guilty only with respect to the marijuana, which carried the lowest statutory maximums of the three drugs involved.

The government consented to resentencing in lieu of a new trial. The district court vacated the original sentence, and following a resentencing hearing, sentenced Raygosa-Esparza to terms of sixty months imprisonment for each offense, to be served consecutively. Raygosa-Esparza argues the prison terms should have been imposed to run concurrently, his sentence was vindictively imposed, and his Fifth and Sixth Amendment rights were violated by the court relying on facts not found by the jury.

## STANDARD OF REVIEW

Raygoza-Esparza's resentencing occurred on December 10, 2007, after the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). Reviewing his sentence under an abuse of discretion standard, "only a procedurally erroneous or substantively unreasonable sentence will be set aside." *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008 en banc). We review challenges to the constitutionality of his sentence de novo. *United States v. McCaleb*, 552 F.3d 1053, 1061 (9th Cir. 2009).

## DISCUSSION

On appeal, Raygosa-Esparza challenges the reasonableness of his sentence. He also argues his sentence is unconstitutional — because the court considered factors outside the jury verdict in determining the sentence, and the sentence was vindictive. At the heart of each of these claims lies his contention that the district court erred in imposing consecutive, rather

than concurrent, sentences. This argument necessarily fails, because the district court was required by statute to impose consecutive sentences.

**[1]** Raygosa-Esparza was convicted of conspiring to possess and distribute a controlled substance, in violation of 21 U.S.C. § 846, and attempting to obtain contraband in prison, in violation of 18 U.S.C. § 1791(a)(2). When a defendant violates § 1791(a)(2) by attempting to obtain or possess a controlled substance, as Raygosa-Esparza did, his sentence must be served consecutively to any other sentence involving a controlled substance:

> [A]ny punishment imposed under subsection (b) for a violation of this section involving a controlled substance *shall be consecutive* to any other sentence imposed by any court for an offense involving such a controlled substance.

18 U.S.C. § 1791(c) (emphasis added). Raygosa-Esparza's sentence for the § 1791(a)(2) offense was imposed under § 1791(b)(3).

**[2]** Both of Raygosa-Esparza's convictions involved controlled substances. As discussed above, Raygosa-Esparza's indictment listed heroin, methamphetamine, and marijuana as the objects of the § 846 and § 1791(a)(2) offenses. Marijuana and heroin are "Schedule I" controlled substances; methamphetamine is a "Schedule II" controlled substance. 21 U.S.C. § 812(c)(I)(b)(10), (I)(c)(10), (II)(c). Regardless of whether one drug or all three drugs are treated as the object of Raygosa-Esparza's offenses for sentencing purposes, the sentences for his § 846 and § 1791 offenses must run consecutively.

**[3]** Thus, Raygosa-Esparza's challenge to the reasonableness of his sentence is without merit. He argues that the district court abused its discretion by imposing consecutive

sentences; however, the district court did not have the discretion to impose concurrent sentences. He raises no other ground for challenging the reasonableness of the sentence, and he does not allege any procedural error. We conclude that the district court did not abuse its discretion in resentencing Raygosa-Esparza to consecutive terms.

**[4]** Next, Raygosa-Esparza contends that in resentencing him the district court punished him by imposing consecutive, rather than concurrent, terms because he successfully appealed his original sentence. Raygosa-Esparza has a Fifth Amendment due process right not to be subjected to vindictive resentencing following his successful § 2255 petition. *United States v. Peyton*, 353 F.3d 1080, 1085 (9th Cir. 2003). However, this argument also lacks merit. The consecutive sentences were not imposed vindictively, but rather were required by statute.

**[5]** This leaves one issue: whether the district court violated Raygosa-Esparza's Fifth and Sixth Amendment rights by relying on facts not found by the jury. Though Raygosa-Esparza was indicted for offenses involving marijuana, heroin, and methamphetamine, and stipulated prior to trial, that all three drugs were objects of the conspiracy, the general verdict returned by the jury did not specify which drugs Raygosa-Esparza was convicted of conspiring to smuggle into the prison. This ambiguity led the district court to vacate Raygosa-Esparza's original sentence, and issue a § 2255 order stating that the jury's verdict should be read to support a finding of guilty only with respect to the marijuana. As a result, each offense carried a statutory maximum of five years imprisonment. 21 U.S.C. § 841(b)(1)(D); 18 U.S.C. § 1791(b)(3).

**[6]** The revised sentence imposed by the district court for each offense does not exceed this statutory maximum. Accordingly, no constitutional violation occurred, even if the district court did rely on facts not found by the jury. "Standing

alone, judicial consideration of facts and circumstances beyond those found by a jury or admitted by the defendant does not violate the Sixth Amendment right to jury trial." *United States v. Ameline*, 409 F.3d 1073, 1077-78 (9th Cir. 2005 en banc). Findings outside the jury verdict violate the Sixth Amendment only where they are used to "increase[ ] the penalty for a crime beyond the prescribed statutory maximum." *Apprendi*, 530 U.S. at 490. The district court was permitted to consider the fact that the offenses involved heroin, methamphetamine, and marijuana, so long as the sentence imposed did not exceed the statutory maximum for a marijuana-only offense.

AFFIRMED.