**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50033 |
| Plaintiff - Appellee, | D.C. No. 3:08-CR-00884-H-1 |
| v. | |
| JESUS MARROQUIN-FRIAS, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Submitted February 10, 2010 [**]
Pasadena, California

Before: THOMAS and SILVERMAN, Circuit Judges, and FOGEL, [***] District
Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Jeremy D. Fogel, United States District Judge for the
Northern District of California, sitting by designation.

Jesus Marroquin-Frias appeals his within-Guidelines, 51-month sentence for illegal reentry into the United States in violation of 8 U.S.C. § 1326(a) & (b). Because of his prior convictions for robbery and assault with a firearm, the district court enhanced Marroquin's base offense level by sixteen levels in accordance with U.S.S.G. § 2L1.2(b)(1)(A)(ii). Marroquin argues his sentence is unconstitutional and both procedurally and substantively unreasonable. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we remand for re-sentencing.

We review challenges to the constitutionality of a sentence de novo, *United States v. Raygosa-Esparza*, 566 F.3d 852, 854 (9th Cir. 2009); we review the substantive and procedural reasonableness of a sentence for an abuse of discretion. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008). As an initial matter, consistent with a number of our prior decisions, we reject Marroquin's claims that the prior conviction exception in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), has been implicitly invalidated and that the doctrine of constitutional avoidance requires capping his sentence at two years.[1] *See, e.g., United States v. Grisel,* 488 F.3d 844, 846–47 (9th Cir. 2007) (en banc).

---

[1]Marroquin concedes that these arguments are futile under current law and raises this issue only to preserve it for Supreme Court review.

Next, Marroquin argues the district court failed to adequately respond to his arguments at sentencing, thereby rendering his sentence procedurally unreasonable under 18 U.S.C. § 3553(c). The district judge directly questioned Marroquin's counsel at sentencing regarding his arguments for a variance. The district judge further explained that she had reviewed the information submitted by the parties and had considered the Guidelines and the § 3553(a) factors in making her sentencing determination. In a relatively simple case such as this, especially where the judge imposed a Guidelines sentence, no further explanation was required. *See Rita v. United States*, 551 U.S. 338, 356–58 (2007); *Carty*, 520 F.3d at 992.

Finally, Marroquin argues his sentence is substantively unreasonable because his qualifying crime-of-violence convictions are twenty-three years old and he has no subsequent violent criminal history. We vacate Marroquin's 51-month sentence and remand this case to the district court to reconsider the weight to be afforded Marroquin's 23-year-old convictions in light of our recent decision in *United States v. Amezcua-Vasquez*, 567 F.3d 1050 (9th Cir. 2009), which had not yet been decided at the time of Marroquin's sentencing.

VACATED and REMANDED.