**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30101 |
| Plaintiff - Appellee, | D.C. No. 1:08-CR-00009-EJL |
| v. | |
| DAVID PANTHER HERRERA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted April 5, 2010[**]

Before:     RYMER, McKEOWN, and PAEZ, Circuit Judges.

David Panther Herrera appeals from his guilty-plea conviction and

120-month sentence imposed for unlawful possession of a firearm, in violation of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

18 U.S.C. § 922(g)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Herrera contends that his guilty plea is invalid because the district court did not adequately confirm the factual basis for his plea. The district court did not err pursuant to Fed. R. Crim. P. 11(b)(3) because both Herrera and his counsel agreed with the government's factual summary. *See United States v. Rivera Ramirez*, 715 F.2d 453, 458 (9th Cir. 1983); *see also United States v. Covian-Sandoval*, 462 F.3d 1090, 1093 (9th Cir. 2006).

Herrera also contends that the district court violated his constitutional rights by enhancing his sentence pursuant to U.S.S.G. § 2K1.2(b)(4)(B) and (b)(6) based on judge-found facts. The district court did not err because Herrera was not sentenced above the statutory maximum. *See United States v. Raygosa-Esparza*, 566 F.3d 852, 855 (9th Cir. 2009). Herrera's alternate contention that the district court erred by not applying the clear and convincing evidence standard also lacks merit. *See United States v. Grejada*, 581 F.3d 1186, 1189 (9th Cir. 2009) (stating that an uncontroverted pre-sentence report satisfies this standard).

Herrera asserts that his sentence is substantively unreasonable because, among other things, the district court did not give adequate weight to his mitigating factors. Considering the totality of the circumstances, the below-guidelines

sentence is substantively reasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *see also United States v. Carty*, 520 F.3d 984, 991-93 (9th Cir. 2008) (en banc).

We grant Herrera's motion to take judicial notice of specified state court documents, *see* Fed. R. Evid. 201, and deny Herrera's motion to submit supplemental briefing on an issue that was not raised before the district court or in his opening brief. *See United States v. Ullah*, 976 F.2d 509, 514 (9th Cir. 1992).

**AFFIRMED.**