**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10524 |
| Plaintiff - Appellee, | D.C. No. 3:01-CR-00435-CRB-1 |
| v. | MEMORANDUM[*] |
| REGINALD AKINS, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted December 7, 2010[**]
San Francisco, California

Before: COWEN[***], TASHIMA and SILVERMAN, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

Reginald Akins appeals from the sentence imposed by the District Court after it granted his 28 U.S.C. § 2255 motion to vacate his conviction as to one of the five counts on which he was originally convicted and sentenced. It is uncontested that we have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291 and that Akins's notice of appeal was otherwise timely filed. This Court further exercises de novo review of the district court's exercise of jurisdiction and of Akins's constitutional challenges to his sentence. See, e.g., United States v. Raygosa-Esparza, 566 F.3d 852, 854 (9th Cir. 2009); United States v. Hock, 172 F.3d 676, 680 (9th Cir. 1999); United States v.McClain, 133 F.3d 1191, 1193 (9th Cir. 1998). We affirm.

It appears well established that the sentencing process in the multiple-count context generally involves assembling the proper overall sentencing "bundle" or "package." See, e.g., United States v. Avila-Anguiano, 609 F.3d 1046, 1049 (9th Cir. 2010), cert. denied, — S. Ct. —, 2010 WL 4001234 (Nov. 8, 2010) (No. 10-6926). We accordingly have determined that the district court possesses the jurisdiction to reexamine and alter its prior sentencing determination after vacating the defendant's conviction on fewer than all of the counts pursuant to § 2255. United States v. Barron, 172 F.3d 1153, 1160 (9th Cir. 1999) (en banc); Hock, 172

F.3d at 680-81; McClain, 133 F.3d at 1193; United States v. Handa, 122 F.3d 690, 691-92 (9th Cir. 1997).

Turning to Akins's constitutional challenges, we conclude that he lacked any legitimate expectation of finality. See United States v. Radmall, 340 F.3d 798, 800-01 (9th Cir. 2003); McClain, 133 F.3d at 1193-94; Handa, 122 F.3d at 692. Likewise, it does not appear that the District Court acted vindictively or otherwise imposed a more severe sentence because Akins succeeded in obtaining relief under § 2255. See, e.g., United States v. Ponce, 51 F.3d 820, 826 (9th Cir. 1995) (per curiam). On the contrary, we conclude that the District Court properly reexamined Akins's prior sentencing and then imposed a reasonable and appropriate sentence by reducing his overall term of imprisonment from 384 months to 252 months (a reduction of 11 years).

AFFIRMED.