NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 2 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   19-10132 |
| Plaintiff-Appellee, | D.C. No. 2:11-cr-00234-TLN-2 |
| v. | |
| DERIAN EIDSON, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted January 13, 2021**
San Francisco, California

Before:  BYBEE and R. NELSON, Circuit Judges, and WHALEY,*** District Judge.

Defendant Derian Eidson appeals her 108-month sentence upon resentencing

for convictions of money laundering conspiracy and attempted money laundering

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\**      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\***     The Honorable Robert H. Whaley, United States District Judge for the Eastern District of Washington, sitting by designation.

under 18 U.S.C. §§ 1956(h) and (a)(1)(B)(i). Finding no error, we affirm the district court's sentence.[1]

1. The district court did not abuse its discretion by imposing a two-level increase for obstruction of justice under United States Sentencing Guidelines (USSG) § 3C1.1. *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc) (we review the district court's application of the guidelines for abuse of discretion). The district court properly determined that Eidson impeded the grand jury investigation by withholding invoices which were highly probative of the scheme's criminality. The district court permissibly concluded that she also impeded the grand jury by providing the putative 2004 assignment contract which had been created and altered in 2009.

2. The district court did not err by declining to hold another evidentiary hearing on whether the obstruction enhancement applied. The court gave Eidson an adequate opportunity to argue against the obstruction enhancement. *See* Fed. R. Crim. P. 32(i)(4).

3. The district court did not err by denying Eidson's request for a minor role adjustment under USSG § 3B1.2. The district court permissibly concluded that

---

[1] The government requests leave to admit an audio recording that is not part of the district court's electronic docket. Because we are able to resolve the appeal without reference to this item, the government's motions, ECF Nos. 34 & 38, are DENIED AS MOOT.

Eidson clearly did not play a minor role in the fraudulent scheme that lasted several years where Eidson helped co-defendant Steven Zinnel hide millions of dollars from the bankruptcy court and the family court.

4. The district court did not err by increasing Eidson's guideline range for the use of a special skill as a trained attorney under USSG § 3B1.3. During the FBI's investigation, Eidson was recorded touting her status as an officer of the court and using her position to manipulate her co-defendant's business partner.

5. The district court did not err by imposing a two-level enhancement for sophisticated money laundering. The court properly considered Eidson's use of a shell company and the scheme's method of passing funds through her client trust account to impose the enhancement. *See* USSG § 2S1.1(b)(3) & Application n.5(A).

6. The low-end guideline sentence of 108 months was substantively reasonable. *See United States v. Overton*, 573 F.3d 679, 700 (9th Cir. 2009). The district court properly considered the 18 U.S.C. § 3553(a) factors, thoroughly evaluating the circumstances of the offense and the history and characteristics of the defendant.

7. Eidson's remaining procedural and constitutional challenges under the Sixth Amendment fail. Under *United States v. Treadwell*, the Sixth Amendment is not violated when the sentencing court considers circumstances not found by the

jury so long as such consideration does not result in a sentence that exceeds the statutory maximum sentence. 593 F.3d 990, 1017–18 (9th Cir. 2010) *partially overruled on other grounds by United States v. Miller*, 953 F.3d 1095, 1103 & n.10 (9th Cir. 2020); *see also United States v. Raygosa-Esparza*, 566 F.3d 852, 855 (9th Cir. 2009). Here, Eidson's sentence was below the statutory maximum so her argument is without merit.

Lastly, Eidson's contention that the sentencing enhancements should have been found by clear and convincing evidence fails. This argument was not raised with the district court, so it is reviewed for plain error. *United States v. Gallegos*, 613 F.3d 1211, 1213 (9th Cir. 2010). Eidson does not demonstrate how the court's findings had a disproportionate effect on her sentence, a requirement to trigger the heightened standard. *See United States v. Pike*, 473 F.3d 1053, 1057 (9th Cir. 2007). Thus, the district court did not plainly err.

**AFFIRMED.**