**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No.  21-10232 |
| Plaintiff-Appellee, | D.C. Nos.<br>2:19-cr-01224-DJH-1<br>2:19-cr-01224-DJH |
| v. | |
| MARTIN GUTIERREZ-BARBA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Submitted May 12, 2025**
Phoenix, Arizona

Before: RAWLINSON, BUMATAY, and SANCHEZ, Circuit Judges.

Martin Gutierrez-Barba (Gutierrez-Barba) appeals his conviction and

sentence for reentry of a removed alien in violation of 8 U.S.C. § 1326(a). He also

appeals the denial of his request to present a necessity defense. Reviewing de

_____

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

novo, we affirm. *See United States v. Raygosa-Esparza*, 566 F.3d 852, 854 (9th Cir. 2009); *see also United States v. Hammons,* 558 F.3d 1100, 1103 (9th Cir. 2009).[1]

1. To present evidence of necessity as a defense, a defendant must first establish through an offer of proof that: "(1) he was faced with a choice of evils and chose the lesser evil; (2) he acted to prevent imminent harm; (3) he reasonably anticipated a causal relation between his conduct and the harm to be avoided; *and* (4) there were no other legal alternatives to violating the law." *United States v. Barnes*, 895 F.3d 1194, 1204 (9th Cir. 2018) (citation, footnote reference, and internal quotation marks omitted) (emphasis added). Gutierrez-Barba's offer of proof failed to meet this standard. At a minimum, Gutierrez-Barba failed to establish that he acted to prevent imminent harm.

"[T]he test for entitlement to a defense of necessity is objective." *United States v. Perdomo-Espana,* 522 F.3d 983, 988 (9th Cir. 2008). Viewing Gutierrez-Barba's claim of necessity objectively, we are not persuaded that Gutierrez-Barba's presence was necessary to prevent imminent harm to his young daughter. As

---

[1]The parties disagree as to whether some claims should be reviewed for plain error rather than de novo. Because we conclude that Gutierrez-Barba's claims fail under either standard of review, we need not address this issue.

evidenced in his motion in limine, Gutierrez-Barba's young daughter was provided excellent medical care, including "the most advanced technology afforded by the United States medical system." Viewed objectively, Gutierrez-Barba's presence was not necessary to provide for his young daughter's medical needs. *See id.*

**2.** To succeed on a claim that the district court violated the Due Process Clause by imposing "a sentence founded at least in part upon misinformation of constitutional magnitude," Gutierrez-Barba "must establish the challenged information is (1) false or unreliable, and (2) demonstrably made the basis for the sentence." *United States v. Hill*, 915 F.3d 669, 674 (9th Cir. 2019) (citations omitted). The district court's reference to a "plan" to return was made in the context of Gutierrez-Barba's repeated illegal entries and the need to decide how to maintain his family relationships post-removal. Because that context was not predicated on any false or unreliable information, Gutierrez-Barba's due process challenge fails. *See United States v. Rivera*, 682 F.3d 1223, 1237 n.12 (9th Cir. 2012).

**3.** The district court adequately responded to Gutierrez-Barba's mitigation argument that because the government had indicated that it was likely he would be removed from the United States, there was need to impose a sentence to deter him from future crime. The government clarified during sentencing that it was not a

question of "whether Mr. Gutierrez-Barba is going to be removed. It's when.

Therefore, it was not necessary for the district court to further elaborate on the

deterrence factor. *See United States v. Petri*, 731 F.3d 833, 842 (9th Cir. 2013).

**AFFIRMED.**[2]

---

[2] Gutierrez-Barba's unopposed Third Motion to Extend Reply Brief Deadline (Dkt. 68) is **GRANTED**. We have considered the Reply Brief in reaching our decision.