**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10462 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00596-GMN-GWF-1 |
| v. | |
| PAUL WOMMER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief District Judge, Presiding

Argued and Submitted September 8, 2014
San Francisco, California

Before: BEA, IKUTA, and HURWITZ, Circuit Judges.

Paul Wommer appeals his convictions and sentence for illegal structuring of

financial transactions to evade reporting requirements, tax evasion, and making and

subscribing a false return to the IRS. We have jurisdiction under 28 U.S.C. §

1291, and affirm in part, reverse in part, and remand for resentencing.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Wommer's tax evasion conviction was based only on his failure to pay the interest and penalties imposed on the principal of his delinquent taxes, as he had paid off the principal but refused to pay interest and penalties. Wommer primarily argues that interest and penalties are not "taxes" for the purposes of tax evasion under 26 U.S.C. § 7201. We disagree. Several provisions define "tax" to include penalties and interest. *See, e.g.*, 26 U.S.C. § 6665(a)(2) ("[A]ny reference in this title to 'tax' imposed by this title shall be deemed also to refer to the additions to the tax, additional amounts, and penalties provided by this chapter [Subtitle F, Chapter 68]."); *see also* 26 U.S.C. § 6601(e); 26 U.S.C. § 6671(a). We distinguish the non-binding Fifth Circuit decision Wommer relies upon, *United States v. Wright*, 211 F.3d 233 (5th Cir. 2000). Any suggestion in *Wright* that "tax" does not include interest and penalties was dictum and based in part on sentencing guidelines that have since been amended.

We conclude, however, that the district court's application of U.S.S.G. § 2S1.3(b)(2)'s two-level enhancement to Wommer was in error. The enhancement requires the offense to be "part of a pattern of unlawful activity *involving* more than $100,000 in a 12-month period." § 2S1.3(b)(2) (emphasis added). Wommer's illegal structuring certainly qualifies as a "pattern of unlawful activity," but he withdrew only $72,500, and caused $66,200 from those same withdrawals to be deposited. Therefore, only $72,500 is involved here and the

district court erred by adding $72,500 and $66,200 together to reach the $100,000 threshold to apply § 2S1.3(b)(2)'s enhancement. However, the district court correctly denied a downward adjustment under U.S.S.G. § 2S1.3(b)(3), which requires the funds to have been used for a lawful purpose, as Wommer used the funds to evade taxes.

As for Wommer's remaining claims, we conclude that none provides a basis for reversing the district court's rulings below.[1] We therefore affirm in part,

---

[1] Specifically, the district court properly denied Wommer's *Brady*, Jencks Act, and prosecutorial conduct claims based on its determination that Agent Rice's testimony was inculpatory, rather than exculpatory, a copy of his testimony had been timely provided to Wommer, and there was no support for the claim that Agent Rice's testimony before the grand jury was misleading. The district court did not plainly err in considering letters from Wommer's former clients at sentencing because Wommer failed to establish the letters were "false or unreliable" or that they "demonstrably made the basis for the sentence." *United States v. Vanderwerfhorst*, 576 F.3d 929, 935–36 (9th Cir. 2009). The "exculpatory no" doctrine does not aid Wommer because the Supreme Court has abrogated it. *Brogan v. United States*, 522 U.S. 398, 408 (1998). The forfeiture imposed was not grossly disproportionate to the gravity of Wommer's offense under the four-factor test articulated in *United States v. $100,348.00 in U.S. Currency*, 354 F.3d 1110, 1121–22 (9th Cir. 2004). The district court did not clearly err in denying Wommer an acceptance of responsibility sentencing reduction under U.S.S.G. § 3E1.1(a) based on its factual determination that Wommer was sorry he was caught rather than genuinely remorseful. *See United States v. Innie*, 7 F.3d 840, 847–48 (9th Cir. 1993). The district court did not clearly err in rejecting Wommer's diminished capacity defense to his conviction in light of his legal career after his accident, and we do not review whether its decision not to depart downward on that basis was error. *United States v. Vasquez-Cruz*, 692 F.3d 1001, 1008 (9th Cir. 2012).

reverse in part, and remand for resentencing in a manner consistent with this decision.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR RESENTENCING.**