FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10039 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00596-GMN-GWF-1 |
| v. | |
| PAUL WOMMER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief District Judge, Presiding

Submitted November 20, 2015[**]
San Francisco, California

Before: KLEINFELD, WARDLAW, and PAEZ, Circuit Judges.

Paul Wommer was convicted of three counts of structuring financial

transactions, one count of tax evasion, and one count of making a false return or

statement. Wommer successfully appealed his sentence of 41 months'

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

imprisonment, and was subsequently resentenced to 33 months' imprisonment. Wommer challenges his resentencing as vindictive. We affirm.

1.      Wommer argues that the district judge engaged in vindictive resentencing after Wommer's successful appeal to this court. *See United States v. Wommer*, 584 F. App'x 815 (9th Cir. 2014). Wommer's initial sentence of 41 months' imprisonment was at the low end of the guidelines range. At resentencing, the district judge found that Wommer qualified for a lower total offense level than at the initial sentencing, and she imposed a sentence of 33 months' imprisonment. This sentence was at the high end of the guidelines range. Because Wommer's overall sentence was not increased, no presumption of vindictiveness arises. *United States v. Horob*, 735 F.3d 866, 871 (9th Cir. 2013). Nor did Wommer prove actual vindictiveness on the part of the district judge, who reasonably could have concluded that a 33-month sentence was appropriate given the underlying conduct and sentencing factors. *See id.* at 871-72.

2.      Wommer also argues that the district court was vindictive in denying his motion for unescorted commitment to Bureau of Prisons custody. The district judge provided an explanation for denying the motion that was unrelated to Wommer's exercise of his right to appeal. *See Fenner v. U.S. Parole Comm'n*, 251 F.3d 782, 789 (9th Cir. 2001) (finding no vindictiveness where the Parole

2

Commission "provided wholly logical, nonvindictive reasons for issuing the parole violation warrant" after the defendant filed a habeas petition) (internal quotation marks omitted). Thus, there was nothing vindictive in the district judge's denial of Wommer's motion for unescorted commitment to Bureau of Prisons custody.

**AFFIRMED.**