FILED

JAN 04 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30445 |
| Plaintiff - Appellee, | D.C. No. 1:08-cr-00093-RFC-1 |
| v. | |
| TODD KENNETH HOROB, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, Chief District Judge, Presiding

Argued and Submitted November 3, 2010
Portland, Oregon

Before: ALDISERT, W. FLETCHER, and FISHER, Circuit Judges.[**]

Todd Kenneth Horob appeals from his conviction on seven counts of fraud-

related crimes. For the reasons that follow, we affirm Horob's conviction under

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]The Honorable Ruggero J. Aldisert, Senior Circuit Judge for the Third
Circuit, sitting by designation.

18 U.S.C. § 1344, but we reverse his convictions under 18 U.S.C. § 1014 and 18 U.S.C. § 1028A(a)(1). We remand for resentencing in light of those reversals.[1]

## I.

Horob's opening brief challenged his convictions under Counts I, II, IV, V and VII and the district court's application of the Sentencing Guidelines. He also claimed ineffective assistance of counsel. The government's brief conceded that Horob's conviction under Count VII for aggravated identity theft in furtherance of bankruptcy fraud, in violation of § 1028A(a)(1), was plain error because no such crime exists. We agree, and therefore reverse and remand for resentencing accordingly. Horob conceded at oral argument that his convictions under Counts IV and V, as well as his corresponding sentence, were proper. We agree, and thus affirm his convictions under those counts. He also conceded that his ineffective assistance of counsel claim is not yet ripe for review. We agree, and will not reach the question. As a result of these concessions, we must resolve only whether

---

[1] The district court had jurisdiction under 18 U.S.C. § 3231. See United States v. Ratigan, 351 F.3d 957, 963 (9th Cir. 2003) (holding that defects in the government's evidence regarding a bank's FDIC status go to the merits of the case, not to subject-matter jurisdiction). We have jurisdiction under 28 U.S.C. § 1291. We review for plain error Horob's convictions under § 1014 and § 1344 because Horob did not move for a directed verdict. See United States v. Cruz, 554 F.3d 840, 844-845 (9th Cir. 2009).

Horob's convictions under § 1014 and § 1344 were plain error. We consider them in turn.

A.

Horob was convicted for making false statements to a federally insured bank, Wells Fargo, in violation of 18 U.S.C. § 1014. An element of the offense requires that the bank be "insured by the Federal Deposit Insurance Corporation" during the crime. § 1014; see also United States v. Ware, 416 F.3d 1118, 1121 (9th Cir. 2005). To prove during Horob's 2009 trial that Wells Fargo was FDIC insured when he made false statements to it in 2006, the government offered no evidence beyond calling Wells Fargo employee Gerald Lundgren, who attested that the bank "is" federally insured. (E.R. 64.)

Lundgren's 2009 present-tense statement was not sufficient evidence for the jury to find beyond a reasonable doubt that Wells Fargo was FDIC insured when Horob misled it in 2006. See United States v. Ali, 266 F.3d 1242, 1244 (9th Cir. 2001) (holding that present-tense trial testimony, years after the alleged offense, cannot establish that a bank was insured during the offense). Although the "totality of the trial evidence" may sometimes permit a jury to infer, based upon present-tense testimony in conjunction with other evidence, that a bank was federally

3

insured, e.g., Ware, 416 F.3d at 1122-23, this is not such a case. We therefore reverse Horob's conviction under § 1014.

B.

Horob was also convicted of defrauding a federally insured bank, Dakota West, in violation of § 1344. To prove at Horob's 2009 trial that Dakota West was federally insured when Horob defrauded it in April 2005, the government called Dakota West CEO Denton Zubke, who testified that the bank "is" federally insured. (E.R. 345.) The government also offered into evidence a receipt generated by Dakota West on March 31, 2005. In small print near the top of the receipt were the words: "Your Savings Federally Insured," "NCUA," and "National Credit Union Association, a U.S. Government Agency."

This exhibit makes this case a direct factual analogue to United States v. Allen, 88 F.3d 765, 769 (9th Cir. 1996), in which we held that trial exhibits dating to the time of the offense and stating "Member FDIC" were enough to establish that a bank was federally insured during the offense. In this case, the statement, "Your Savings Federally Insured," appeared on the government's exhibit, the date on which closely matched the timing of the alleged fraud. As in Allen, this evidence sufficed to support the jury's verdict. We therefore affirm Horob's conviction under § 1344.

4

We **REVERSE** Horob's convictions under Count I and Count VII of his indictment, and we **REMAND** for resentencing accordingly. We **AFFIRM** Horob's remaining convictions.