**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

TODD KENNETH HOROB,
*Defendant-Appellant*.

No. 11-30119

D.C. No.
1:08-cr-00093-RFC-1

OPINION

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, District Judge, Presiding

Argued and Submitted
October 8, 2013—Portland, Oregon

Filed November 7, 2013

Before: Barry G. Silverman, William A. Fletcher,
and Consuelo M. Callahan, Circuit Judges.

Per Curiam Opinion

**SUMMARY**[*]

**Criminal Law**

The panel affirmed the district court's imposition of the same total sentence on remand for resentencing for bank fraud, wire fraud, money laundering, and bankruptcy scheme to defraud, after this court in a prior appeal overturned the defendant's convictions of false statements to a bank and aggravated identity theft.

The panel held that the presumption of vindictiveness does not apply when a district court does not impose a more severe overall sentence on remand, even when as here the vacated conviction carried a mandatory consecutive sentence. The panel also held that the defendant failed to show actual vindictiveness.

The panel held that the district court properly considered as relevant conduct uncharged loans that were part of a common scheme with the offense of conviction, that the district court did not err in applying a sophisticated means enhancement, and that the district court did not err in rejecting the defendant's challenge to the accuracy of the trial transcripts.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Chad Wright (argued), Wright Legal, P.C., Helena, Montana, for Defendant-Appellant.

Kelly A. Zusman (argued), Assistant United States Attorney, United States Attorney's Office, Portland, Oregon; Michael W. Cotter, United States Attorney, and J. Bishop Grewell, Assistant United States Attorney, United States Attorney's Office, Billings, Montana, for Plaintiff-Appellee.

**OPINION**

PER CURIAM:

Todd Kenneth Horob was convicted of false statements to a bank, bank fraud, wire fraud, money laundering, bankruptcy scheme to defraud, and aggravated identity theft. On appeal, we overturned the convictions of false statements to a bank and aggravated identity theft, the latter of which carried a mandatory 24-month consecutive sentence. We affirmed Horob's convictions on the remaining counts and remanded for resentencing. In this second appeal, Horob contends that the district court erred when it: (i) imposed the same 132-month sentence on remand; (ii) considered uncharged conduct when calculating the enhancement level and imposed a sophisticated means enhancement; and (iii) refused his request for an evidentiary hearing on the accuracy of the trial transcripts. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. It is apparent from the record that the district court sentenced Horob, both originally and on remand, in light of the totality of the circumstances, including the nature of the crime and the character and history of the

defendant. In such a case, we hold that the presumption of vindictiveness does not apply when a district court does not impose a more severe sentence on remand, even when the vacated conviction carried a mandatory sentence.

I.

Horob had been a livestock buyer and cattle rancher since he graduated from high school, and for many years he was a trusted businessman. In 2003, he began speculating on the cattle futures market and lost a large amount of money, approximately two million dollars. In order to cover his ever-increasing debts, he took out more and more loans. He secured these loans with cattle he did not own and promised to use these loans for profitable business enterprises that did not exist. To cover up his fraud, he lied even more and asked others to lie for him. He fabricated documents and laundered money. Horob's scheme eventually unraveled when the bank noticed inconsistencies in his statements about the cattle offered as collateral. When the banks tried to verify the cattle's existence, Horob created fraudulent brand certificates and sent the bankers to feedlots in Nebraska, North Dakota, Minnesota, and Montana. Horob did not own cattle at these feedlots, but he had the owners lie on his behalf. At other times, Horob and his employee simply pointed to cows out in the field and claimed them as their own.

When Horob filed for bankruptcy in March 24, 2006, the banks discovered that he only owned 60 head of cattle, not the thousands he had claimed. With little real collateral to collect on its $5.85 million loans, Wells Fargo lost $4.5 million. Dakota West Credit Union lost close to $1 million and 20% of its equity.

After a contentious trial, Horob was found guilty of all seven counts of the indictment, including a count of aggravated identity theft that carried a mandatory 24-month consecutive sentence.  At the sentencing hearing, the court calculated a guideline range of 135 to 168 months for the non-aggravated identity theft charges, but determined that a lower range of 87 to 108 months was more appropriate in light of the 24-month mandatory consecutive sentence. Horob was sentenced to a total of 132 months by the district court: 108 months on Counts I–V, 60 months on Count VI to be served concurrently, plus 24 months consecutive on Count VII (aggravated identity theft).  The court stated that 132 months was the sentence "required in this case to provide just punishment" and "deter conduct."

On appeal, we reversed two counts, including the count of aggravated identity theft, and affirmed Horob's convictions on the other counts. *United States v. Horob*, 407 F. App'x 228 (9th Cir. 2011).  On remand, the district court kept Horob's sentence at 132 months by increasing the sentences on the remaining counts.  The court explained that it had varied the sentence downward at the first sentencing hearing because the addition of the 24-month consecutive sentence for aggravated identity theft would have made the sentence "more than necessary as required under the law."  Without the 24-month mandatory consecutive sentence, the court felt the guideline range of 135–168 months was "pretty close."

## II.

Horob contends that the district court acted vindictively when it imposed the same total sentence on remand.  Whether a district court's imposition of a higher sentence at resentencing was vindictive is reviewed under a de novo

standard. *United States v. Jenkins*, 504 F.3d 694, 699 (9th Cir. 2007). A district court violates a defendant's right to due process of law if on remand it increases the sentence on the remaining counts to penalize the defendant for exercising a protected statutory or constitutional right. *See United States v. Goodwin*, 457 U.S. 368, 372 (1982). Because "[t]he existence of a retaliatory motivation would, of course, be extremely difficult to prove in any individual case," *North Carolina v. Pearce*, 395 U.S. 711, 725 n.20 (1969), certain circumstances give rise to a rebuttable presumption of vindictiveness.

Vindictiveness is presumed whenever the trial judge increases the defendant's sentence after a successful attack on the first conviction and the reasons for the enhancement do not "affirmatively appear." *Nulph v. Cook*, 333 F.3d 1052, 1057 (9th Cir. 2003). "Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding." *Pearce*, 395 U.S. at 726.

The presumption of vindictiveness does not apply to Horob because it is apparent that the district court considered his overall sentence at the time of his original sentence and again on remand, and because his *overall* sentence was not increased. We have held that "[b]efore the *Pearce* presumption of a vindictive motivation arises . . . the second sentence imposed on a defendant must, in fact, be more severe than the first." *United States v. Bay*, 820 F.2d 1511, 1513 (9th Cir. 1987). A sentence is not more severe merely because a mandatory sentence has been eliminated if the overall sentence remains the same and "there is no net increase in his punishment." *United States v. Hagler*, 709 F.2d 578, 579 (9th Cir. 1983). Thus, no presumption of

vindictiveness arises from the fact that the sentences on a defendant's individual counts were increased, because the court must look "in the aggregate and not merely with respect to each individual count." *Bay*, 820 F.2d at 1513.

In *Hagler*, we overturned five of Hagler's thirteen credit card fraud counts, including the only count that carried a prison term and fine. 709 F.2d at 579. On remand, the district court nonetheless kept the original 1-year prison sentence and fine, even though the remaining counts had only resulted in a suspended sentence and five years' probation at the first sentencing. *Id.* In *Bay*, we overturned two armed robbery charges, for which the defendant had originally been sentenced to 30 years, and at the resentencing the district court increased the sentence on the remaining unarmed robbery charge from 5 years of probation to 20 years in prison. 820 F.2d at 1512. In both cases, we declined to find a presumption of vindictiveness because the overall sentences did not increase. *Hagler*, 709 F.2d at 579; *Bay*, 820 F.2d at 1514.

Horob claims that his case is different from *Bay* and *Hagler* because here the reversed count carried a mandatory consecutive sentence. But in determining Horob's sentence, both initially and at resentencing, the district court was required to consider a variety of factors about the defendant and his conduct—not just the crimes of conviction. *United States v. Booker*, 543 U.S. 220, 264 (2005). Based on the aggregate of Horob's underlying actions, the district court believed that a sentence of 132 months was appropriate. At the initial sentencing, the court varied downward from the sentencing guidelines in order to arrive at that sentence and considered the mandatory 24-month consecutive sentence on Count VII as part of the "totality of the circumstances." *See*

*Bay*, 820 F.2d at 1514 ("The court constructed a 'balanced package geared to the particular defendant.'" (quoting *Hagler*, 709 F.2d at 579)).  At the resentencing, the court still believed that a sentence of 132 months was appropriate.  Although two of the counts had been overturned and there was no longer a mandatory 24-month consecutive sentence, the defendant's underlying conduct had not changed.

Horob is understandably disappointed that his successful appeal on two counts did not result in a reduction in his final sentence, but this does not give rise to a presumption of vindictiveness.  This rule is intended to ensure that the right of the defendant to appeal will not be chilled by the possibility of a longer sentence on remand, *United States v. Jackson*, 390 U.S. 570, 581 (1968), as well as to guard against "the danger that the State might be retaliating against the accused for lawfully attacking his conviction." *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978).  To this end, the law mandates that a defendant may not be *penalized* by the imposition of a harsher sentence based on his exercise of his right to appeal and his successfully obtaining a remand. *Pearce*, 395 U.S. at 726.  The fact that a defendant's sentence remains the same, even when the count dismissed carried a mandatory sentence, does not create a chilling effect.  If there is a possibility of a sentence reduction and no risk of a sentence increase, defendants will continue to appeal.

Our holding is consistent with our opinions in *United States v. Handa*, 122 F.3d 690 (9th Cir. 1997), and *United States v. McClain*, 133 F.3d 1191 (9th Cir. 1998).  These cases recognize that the sentencing package is "unbundled" when a sentence is vacated and that the district court has discretion to put together a new package.  *Handa*, 122 F.3d at 691–92; *McClain*, 133 F.3d at 1194.

Horob further argues that specific language in the aggravated identity theft statute shows that Congress did not intend for this crime to be "bundled" or "packaged" with other crimes. Horob asserts that 18 U.S.C. § 1028A(b)(3)[1] "dictates that the sentence had to be imposed without reference to the remaining convictions."

In *United States v. Wahid*, 614 F.3d 1009, 1014 (9th Cir. 2010), we held that the aggravated identity theft statute's prohibition against reducing a sentence for other counts only applied to predicate felonies enumerated in § 1028A(c). None of Mr. Horob's other counts of conviction involved felonies enumerated in § 1028A(c), which is why we dismissed the count of aggravated identity theft on appeal. *Horob*, 407 F. App'x at 229. Because § 1028A(b)(3) did not apply, the entire original sentence was interdependent and effectively unbundled when we remanded the case for resentencing in light of the two vacated counts. The district court then had discretion to put together a new package.

To hold that a vacated mandatory sentence must be deducted from the total sentence on remand would interfere with the district court's discretion. The district court is familiar with the defendant and the facts of the case and is best able to evaluate the "totality of the circumstances." *Bay*,

---

[1] Section 1028A(b)(3) reads:

> in determining any term of imprisonment to be imposed for the felony during which the means of identification was transferred, possessed, or used, a court shall not in any way reduce the term to be imposed for such crime so as to compensate for, or otherwise take into account, any separate term of imprisonment imposed or to be imposed for a violation of this section . . . .

820 F.2d at 1514. Moreover, in cases where the presumption does not apply, the defendant can still present evidence of actual vindictiveness. However, our case law forecloses applying a presumption of vindictiveness when the overall sentence imposed is not increased.

Because the presumption of vindictiveness does not arise in this case, the burden remains on Horob to show actual vindictiveness. *Alabama v. Smith*, 490 U.S. 794, 799 (1989). Horob believes the increased sentences on his remaining counts were due to "the district court's displeasure with both the appellate reversal and the defendant's continuing cantankerous filings in the face of his convictions." Horob points to instances in the transcript where the district judge allegedly expressed "hostility" toward him. For instance, Horob notes that the district judge commented that Horob's convictions had been dismissed because of "technical" rather than meritorious reasons and that Horob's lack of remorse was appalling. The cited statements do not, separately or collectively, constitute a showing of vindictiveness. Between the original sentencing and the remand, Horob's underlying fraudulent conduct had not changed, the harm to the community and the parties involved had not changed, and his lack of remorse had not changed. The district judge properly considered these factors when resentencing Horob. The statements are not sufficient to show that the district court, in resentencing Horob, penalized him for exercising his right to appeal.

## III.

Horob argues that the district court erred when it considered all his loans with Wells Fargo, not just the loans charged in the indictment, in determining the level of

enhancement. Section 1B1.3 of the Sentencing Guidelines allows judges to consider all relevant conduct when determining the offense level. Relevant conduct is defined as "part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2). A common scheme requires only that the offenses be "substantially connected to each other by at least one common factor." U.S.S.G. § 1B1.3 cmt. n.9(A). Here there are multiple common factors, including common victims (Wells Fargo), common accomplices (Horob's employees, feedlot owners), a common purpose (obtain new loans), and a similar modus operandi (pretending to have large amounts of cattle as collateral). Since these loans were part of a common scheme to obtain money from the banks using non-existing cattle as collateral, the district court properly considered the loans as relevant conduct.

Horob also challenges the district court's imposition of a "sophisticated means" enhancement. Section 2B1.1(b)(10) of the Sentencing Guidelines provides for a two-level enhancement if "the offense . . . involved sophisticated means." To qualify, Horob's scheme must be "especially complex or especially intricate," compared to the usual fraud offense. U.S.S.G. § 2B1.1 cmt. n.8(B). Horob's scheme was complex. Horob did more than lie to obtain a loan. He manipulated several people to lie for him, used several different bank accounts (including accounts of other people) to move funds around, and fabricated numerous documents. Moreover, the complicated and fabricated paper trail made discovery of his fraud difficult. The district court did not err in applying a sophisticated means enhancement.

IV.

Finally, Horob challenges the district court's refusal of his request for an evidentiary hearing on the accuracy of the trial transcripts. A "trial court's factual finding that transcripts are accurate and complete cannot be disturbed unless clearly erroneous." *United States v. Anzalone*, 886 F.2d 229, 232 (9th Cir. 1989) (citing *Maine v. Taylor*, 477 U.S. 131, 144–45 (1986)). "[A]ssuming there were omissions in the transcripts, appellant cannot prevail without a showing of specific prejudice." *Id.* As directed by the district court, Horob's former counsel compared the trial transcript to audio recordings and confirmed that the transcript was accurate. In addition, the court independently confirmed the transcripts' accuracy. Moreover, Horob has not identified any alleged substantive mistakes in the transcript that might have had an impact on his conviction or appeal. Accordingly, the district court's rejection of Horob's challenge to the accuracy of the trial transcript is affirmed.

V.

We hold that Horob is not entitled to the presumption of vindictiveness because the district court did not impose a more severe sentence on remand. Horob failed to show actual vindictiveness on the part of the district court, he failed to show that the district court abused its discretion in finding over $5 million in relevant conduct losses, and he failed to show that his fraud scheme was not sufficiently complex to warrant a sophisticated means enhancement. Finally, he has not met his burden of showing that the trial judge's certification of the transcripts was clearly erroneous. Therefore, the district court's resentencing of Horob is **AFFIRMED**.