**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 28 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRIAN EDWARD BARKER,

Defendant - Appellant.

No. 13-30164

D.C. No. 1:04-cr-00082-SEH-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Argued and Submitted July 10, 2014
Portland, Oregon

Before: PREGERSON, PAEZ, and WATFORD, Circuit Judges.

Brian Edward Barker was found guilty of distribution of methamphetamine,

in violation of 21 U.S.C. §§ 841(a)(1) and 846, and possession with intent to

distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and

sentenced to a term of life imprisonment. After a successful 28 U.S.C. § 2255

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

motion, the district court resentenced Barker to a term of 262 months' imprisonment, to run consecutively to a prior undischarged term of imprisonment. Barker appeals his new sentence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1.** Barker's Sixth Amendment argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). "We have repeatedly held . . . that *Almendarez-Torres* is binding unless it is expressly overruled by the Supreme Court." *United States v. Leyva-Martinez*, 632 F.3d 568, 569 (9th Cir. 2011) (per curiam); *see also United States v. Grajeda*, 581 F.3d 1186, 1197 (9th Cir. 2009). This the Supreme Court has not done. *See Alleyne v. United States*, 133 S. Ct. 2151, 2160 n.1 (2013).

**2.** The law-of-the-case doctrine has no application here. When a district court resentences a defendant, whether upon remand from an appellate court or, as here, after the grant of a motion under § 2255, the court is free to reassess the possible sentencing options and construct a new sentencing package that "reflect[s] its considered judgment as to the punishment the defendant deserves for the crimes of which he is still convicted." *United States v. Handa*, 122 F.3d 690, 692 (9th Cir. 1997); *see also Pepper v. United States*, 131 S. Ct. 1229, 1250–51 (2011). Accordingly, the district court was entitled to reconsider whether Barker's criminal

conduct and personal characteristics warranted imposing his current sentence consecutively to his prior undischarged sentence.

**3.** Resentencing Barker to serve his new term of imprisonment consecutively to his prior undischarged sentence did not violate the prohibition against double jeopardy. "The imposition of a new sentence constitutes a second punishment only if [the defendant] had a legitimate expectation of finality of his original sentence by the time the new sentence was imposed." *United States v. Radmall*, 340 F.3d 798, 800 (9th Cir. 2003). Where a defendant who has not completed serving a valid portion of his sentence places the sentence in issue, such as by filing a § 2255 motion, he has no legitimate expectation of finality in the unchallenged portion of his sentence. *See United States v. McClain*, 133 F.3d 1191, 1194 (9th Cir. 1998); *Handa*, 122 F.3d at 692; *United States v. Moreno-Hernandez*, 48 F.3d 1112, 1116 (9th Cir. 1995).

**4.** Nor did resentencing Barker to a term of imprisonment that runs consecutively to a prior undischarged sentence violate due process. "Due process of law . . . requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part" in his resentencing. *North Carolina v. Pearce*, 395 U.S. 711, 725 (1969), *overruled on other grounds by Alabama v. Smith*, 490 U.S. 794 (1989). Here, however, no presumption of

Page 3

vindictiveness arises because Barker's new sentence is not more severe overall than his original sentence, *see United States v. Horob*, 735 F.3d 866, 870 (9th Cir. 2013), and because the judge on resentencing was not the same judge who imposed Barker's original sentence, *see United States v. Curtin*, 588 F.3d 993, 999 (9th Cir. 2009). Nor does Barker make a showing of actual vindictiveness. *See Smith*, 490 U.S. at 799–800; *Horob*, 735 F.3d at 871–72.

**5.** The district court did not commit procedural error in sentencing Barker to serve his current sentence consecutively to a prior undischarged sentence. U.S.S.G. § 5G1.3(b), which provides for concurrent sentences in certain circumstances, does not apply here because Barker's prior conviction was not used to increase the offense level of the instant offenses. And, although the court did not explicitly state the reason for imposing the new sentence consecutively to the prior undischarged sentence, it did consider the sentencing factors set forth in 18 U.S.C. § 3553(a), specifically discussing Barker's extensive criminal history, the need for deterrence and incapacitation, the need for the sentence to reflect the seriousness of the offense, and the available sentences. A sentencing explanation which discussed the § 3553(a) factors is adequate even though it "[does] not specifically justify the choice between concurrent and consecutive sentences." *United States v. Fifield*, 432 F.3d 1056, 1065 (9th Cir. 2005).

**6.** The district court properly denied Barker's request for credit for time served. The double jeopardy clause of the Fifth Amendment requires that time served on a vacated sentence be credited against any sentence subsequently imposed for the same offense. *See Pearce*, 395 U.S. at 718–19. Moreover, 18 U.S.C. § 3585(b) provides that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . as a result of the offense for which the sentence was imposed." We do not question Barker's entitlement to receive credit for time served, and the government conceded as much during oral argument. However, case law makes clear that the Bureau of Prisons, not the sentencing court, must calculate credit for time served in the first instance. *See United States v. Wilson*, 503 U.S. 329, 334–35 (1992); *United States v. Lualemaga*, 280 F.3d 1260, 1265 (9th Cir. 2002).

**AFFIRMED.**