**NOT FOR PUBLICATION**

MAY 22 2015

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50068 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00068-VAP-18 |
| v. | |
| BILL WADE CARROLL, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Argued and Submitted May 4, 2015
Pasadena, California

Before: NOONAN, WARDLAW, and MURGUIA, Circuit Judges.

Bill Wade Carroll appeals his convictions following a jury trial for

conspiracy to advertise child pornography, in violation of 18 U.S.C.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

§§ 2251(d)(1)(A), (e); 2252A(a), (b)(1), (b)(2), and violation by a registered sex offender, in violation of § 2260A. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part, reverse in part, and remand for resentencing.

The government concedes that Carroll was not required to register as a sex offender for his 1999 Ohio conviction and that Carroll's conviction under § 2260A was plain error. We agree. *See State v. Williams*, 952 N.E.2d 1108, 1110–13 (Ohio 2011) (holding unconstitutional the retroactive application of the 2007 Ohio Sex Offender Registration and Notification Act). We therefore reverse and remand for the district court to enter a judgment of acquittal as to Carroll's § 2260A conviction.

Carroll also argues that the errors giving rise to his conviction under § 2260A rendered his entire trial fundamentally unfair, such that this Court should also reverse his conviction for conspiracy to advertise child pornography. Carroll specifically contends that the errors leading to his § 2260A conviction constituted structural errors requiring reversal irrespective of harmlessness. In the alternative, Carroll argues that the § 2260A errors spilled over to prejudice his conspiracy conviction. Because Carroll failed to raise either challenge before the district court, we review for plain error. *See United States v. Chi Mak*, 683 F.3d 1126,

2

1133 (9th Cir. 2012); *see also* Fed. R. Crim. P. 52(b). Reviewing for plain error, we deny both claims.

First, we disagree that erroneously instructing the jury to infer that Carroll was required to register as a sex offender amounts to structural error. Under *Sullivan v. Louisiana*, 508 U.S. 275, 280–81 (1993), instructing the jury to infer an element of the offense from predicate facts does not constitute structural error, because "[a] reviewing court may . . . be able to conclude that the presumption played no significant role in the finding of guilt beyond a reasonable doubt." Second, the admission of Carroll's prior conviction did not prejudicially spill over from his § 2260A conviction into his conspiracy conviction because Carroll's prior child pornography conviction was separately admitted to prove Carroll's conspiracy conviction, pursuant to Federal Rule of Evidence 414. *See United States v. Lazarenko*, 564 F.3d 1026, 1044–45 (9th Cir. 2009). Because the probative value of the prior conviction outweighed its potential for prejudice, the district court did not plainly err in admitting Carroll's prior conviction under Rule 414. *See United States v. LeMay*, 260 F.3d 1018, 1027–28 (9th Cir. 2001) (citing Fed. R. Evid. 403). Therefore, we affirm Carroll's conspiracy conviction.

We reverse and remand for the district court to resentence Carroll for his conviction for conspiracy to advertise child pornography. *See United States v. Horob*, 735 F.3d 866, 871 (9th Cir. 2013).

**AFFIRMED in part; REVERSED in part; REMANDED for resentencing.**

4