**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**



SEP 22 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-30074 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-05308-BHS-1 |
| v. | |
| RAY EUGENE CALDWELL, | MEMORANDUM* |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-30075 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-05308-BHS-2 |
| v. | |
| ALL OUT SEWER AND DRAIN SERVICE, INC, | |
| Defendant - Appellant. | |

Appeals from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted June 2, 2015
Seattle, Washington

Before: O'SCANNLAIN, TASHIMA, and McKEOWN, Circuit Judges.

Ray Caldwell ("Caldwell") and his incorporated business All Out Sewer and Drain Service, Inc. ("All Out") (together, "Defendants") appeal their convictions and sentences, following a bench trial, for unlawful discharge in violation of the Clean Water Act ("CWA") (33 U.S.C. §§ 1317(d), 1319(c)(2)(A)), mail fraud (18 U.S.C. §§ 1341-42), and making false statements (33 U.S.C. § 1319(c)(4); 18 U.S.C. § 1001). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## I.     SUFFICIENCY OF THE EVIDENCE CLAIMS

We review de novo sufficiency of the evidence presented at a bench trial, *United States v. Jiang*, 476 F.3d 1026, 1029 (9th Cir. 2007), and we conclude that "after viewing the evidence in the light most favorable to the prosecution, [a] rational trier of fact could have found the essential elements of the crime[s] beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

### A.     Clean Water Act Violations — 33 U.S.C. §§ 1317(d); 1319(c)(2); 40 C.F.R. § 403.5(b)(8)

Defendants point to no authority in support of their argument that scientific sampling of the actual dumped waste, which was not performed here, is required to find a CWA violation. The CWA's definition of pollutant includes "sewage," and

2

"sewage sludge." 33 U.S.C. § 1362(6). The evidence presented at trial was sufficient to lead a rational trier of fact to conclude that the waste dumped by Caldwell fell under this statutory definition. First, several current and former All Out employees testified that septage waste, in its entirety, was dumped into the sewer port after larger solids were filtered out using a screen. In addition, EPA agents scientifically sampled the waste remaining in the pump truck from which Caldwell had been dumping immediately prior to the execution of the search warrant on August 17, 2012. Those samples contained materials normally found in septage waste.

Caldwell's argument that there was insufficient evidence that he discharged the waste "knowingly" also fails because current and former All Out employees testified that Caldwell knew the nature of the material he was discharging. The steps Caldwell took to conceal his actions provide further evidence of knowledge. This evidence was sufficient for a rational trier of fact to find that Caldwell had knowledge that the waste he was discharging into the sewer port was a pollutant.

Caldwell's argument that he cannot be held liable for the August 3, 2012 discharge because his assistant physically performed the discharge ignores that Caldwell can be held liable under the CWA's "responsible corporate officer" doctrine. 33 U.S.C. § 1319(c)(6). *See United States v. Iverson*, 162 F.3d 1015, 1025 (9th Cir.

1998) ("[A] person is a 'responsible corporate officer' if the person has authority to exercise control over the corporation's activity that is causing the discharges.").

## B.    Mail Fraud — 18 U.S.C. § 1341

"The government satisfies the requirement of proof of specific intent under section 1341 if it proves the existence of a scheme which was reasonably calculated to deceive persons of ordinary prudence and comprehension, and this intention is shown by examining the scheme itself." *United States v. Green*, 745 F.2d 1205, 1207 (9th Cir. 1984) (internal quotation marks omitted). That Caldwell caused to be deposited in the mail six invoices in which he under-reported pumped septage in order to avoid paying a fee and to evade government scrutiny is sufficient to show an intent to deceive or cheat.[1]

## C.    False Statement in Response to the Industrial User Survey — 33 U.S.C. § 1319(c)(4)

Section B, Item 3, of the industrial user survey shows that Caldwell represented that he and All Out disposed of approximately 100 gallons per day to the sanitary

---

[1] We are unpersuaded by Defendants' argument, unsupported by any citation to authority, that Cowlitz County cannot qualify as a "victim" under the mail fraud statute because the county is not a "specific person." As we have noted in a different context, "[c]ourts have consistently construed Congress' intent behind the mail fraud statute broadly, focusing on the use of the mails itself, not on the underlying scheme or a particular fraud victim." *United States v. Garlick*, 240 F.3d 789, 792 (9th Cir. 2001).

4

sewer. The evidence adduced at trial, however, demonstrated that Caldwell knew that he was dumping thousands of gallons of sewage a day into the sewer system. This evidence was sufficient to convict Defendants of knowingly making a false material statement in violation of § 1319(c)(4).

D.      **False Statements to an EPA Special Agent — 18 U.S.C. § 1001(a)**

Caldwell's August 17, 2012, interview with EPA Special Agent Josh Allen contains numerous material misstatements from which knowledge and willfulness can be inferred. For example, Caldwell told Agent Allen that All Out disposes of all waste by hauling it to approved waste treatment plants and remitting a six-cent per gallon fee to the county. Caldwell also told Agent Allen that "there's nothing that goes into" the sewer port. This evidence is sufficient to permit a rational trier of fact to convict on the false statement to a government agent charge.

## II.      SENTENCING ERROR CLAIMS

A district court's interpretation of the sentencing guidelines is reviewed de novo, the application of the guidelines to the facts of the case is reviewed for abuse of discretion, and factual findings are reviewed for clear error. *United States v. Alba-Flores*, 577 F.3d 1104, 1107 (9th Cir. 2009).

### A. Two-Level Downward Departure

Application Note 7 to U.S. Sentencing Guidelines Manual § 2Q1.3(b)(4) provides that, "[d]epending on the nature and quantity of the substance [discharged without a permit] and the risk associated with the offense, a departure of up to two levels in either direction may be warranted." A departure in either direction under this provision is discretionary. Given the large amount of unauthorized waste discharged here, the district court did not abuse its discretion in declining to apply a downward departure.

### B. Two-Level Organizer/Leader Upward Adjustment

A two-level increase is appropriate "[i]f the defendant was an organizer, leader, manager, or supervisor" in the criminal activity. U.S. Sentencing Guidelines Manual § 3B1.1(c) (U.S. Sentencing Comm'n 2014). Caldwell, who owned All Out and orchestrated the illegal dumping scheme, offers no specific argument as to how the district court's finding that "Mr. Caldwell acted in every one of the[] roles [of organizer, leader, manager, and supervisor], not just with the clean water violations, but in his role concerning the mail fraud counts of conviction" was clearly erroneous. *See United States v. Maldonado*, 215 F.3d 1046, 1050 (9th Cir. 2000) (noting that aggravating role adjustment determinations are reviewed for clear error).

**C. Two-Level Obstruction of Justice Upward Adjustment**

The district court did not abuse its discretion in applying an obstruction of justice upward adjustment. *See United States v. McNally*, 159 F.3d 1215, 1216-17 (9th Cir. 1998) (noting that obstruction of justice upward adjustments are reviewed for abuse of discretion). There was a sufficient factual basis for the district court to conclude that Caldwell "provid[ed] a materially false statement to a law enforcement officer that significantly obstructed or impeded the official investigation or prosecution of the instant offense." U.S. Sentencing Guidelines Manual § 3C1.1, Application Note 4(G) (U.S. Sentencing Comm'n 2014). Application Note 1 to § 3C1.1 allows a district court to consider obstruction that occurred prior to the start of a federal investigation if it was calculated to thwart the investigation. The district court properly took into account both Caldwell's false statements to the EPA Special Agent and Caldwell's prior false statements to the city investigator. The district court's specific factual finding that Caldwell's false statements hindered the investigation was not clearly erroneous.

**D. Fourteen-Level Offense Increase Based on Loss Amount**

Finally, we reject Caldwell's argument that the application of fourteen-level enhancement on his mail fraud convictions based on a loss amount between $400,000 and $1,000,000 was clear error. *See United States v. Del Toro-Barboza*, 673 F.3d

1136, 1153-54 (9th Cir. 2012) (noting that a district court's method of calculating loss under the guidelines is reviewed de novo and the determination of loss amount for clear error); U.S. Sentencing Guidelines Manual § 2B1.1(b)(1) (U.S. Sentencing Comm'n 2014). When calculating loss amounts, the district court is allowed to consider all relevant conduct that is "part of the same course of conduct or common scheme or plan as the offense of conviction." U.S. Sentencing Guidelines Manual § 1B1.3(a)(2) (U.S. Sentencing Comm'n 2014). Under our recent decision in *United States v. Horob*, 735 F.3d 866 (9th Cir. 2013) (per curiam), the district court did not clearly err in calculating the loss amount based not just on losses directly tied to the mail fraud but also on (1) losses due to unpaid fees on the 2.5 million gallons of unreported septage from January 2008 to August 2012, and (2) extrapolated estimated loss amounts for the prior five years. *See id.* at 872 (holding that the district court did not err when it considered all of the defendant's fraudulent loans, not just the loans charged in the indictment, in determining the level of enhancement).

**AFFIRMED.**