NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 21 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff - Appellee, v. YURIS BONILLA-GUIZAR, a.k.a. Yuris Barillo-Guizar; CARLOS ARMANDO CALIXTRO-BUSTAMANTE, Defendants - Appellants. | Nos. 14-10166 14-10241 D.C. No. 4:09-cr-02343-FRZ MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, District Judge, Presiding

Submitted March 15, 2016**

Before:     GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

In these companion appeals, Yuris Bonilla-Guizar and Carlos Armando

Calixtro-Bustamante appeal from their 144-month sentences.    We have

jurisdiction under 28 U.S.C. § 1291, and we affirm in both cases.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.    See Fed. R. App. P. 34(a)(2).    Bonilla-Guizar's request for oral argument is denied.

In Appeal No. 14-10166, Bonilla-Guizar contends that the district court procedurally erred and violated his constitutional rights by concluding that his postsentencing rehabilitation did not warrant a downward variance. This claim fails. The record belies Bonilla-Guizar's contention that the district court denied his request based on his custodial status. Rather, the court considered Bonilla-Guizar's request and sufficiently explained its determination that Bonilla-Guizar's conduct in prison was not so exceptional as to warrant a downward variance. *See United States v. Carty,* 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Bonilla-Guizar next contends that the district judge engaged in vindictive resentencing and imposed a substantively unreasonable sentence in light of the fact that his initial sentence was at the low end of the Guidelines range, but his current sentence is near the high end of the recalculated Guidelines range. We disagree. No presumption of vindictiveness arises because Bonilla-Guizar's overall sentence has not been increased, and he has adduced no evidence of actual vindictiveness. *See United States v. Horob,* 735 F.3d 866, 870-72 (9th Cir. 2013). Moreover, the district court's imposition of a high-end sentence was not an abuse of discretion in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including the nature of the offense. *See Gall v. United States*, 552

U.S. 38, 51 (2007).

In Appeal No. 14-10241, Calixtro-Bustamante contends that the district court erred by denying him a two-level adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1.   Contrary to Calixtro-Bustamante's argument, the record reflects that the court did not deny the adjustment based solely on his decision to go to trial.   Rather, it also noted Calixtro-Bustamante's failure to accept responsibility for his role in the offense.   The court did not clearly err in denying the adjustment.   *See United States v. Rojas-Pedroza*, 716 F.3d 1253, 1270 (9th Cir. 2013).

Finally, Calixtro-Bustamante contends that the district court erred by failing sua sponte to grant him a minor role adjustment under U.S.S.G. § 3B1.2.   In light of the facts, including Calixtro-Bustamante keeping hostages in his home and calling their family members to demand money in exchange for their release, the district court did not clearly err by failing to grant the adjustment.   *See United States v. Rosas*, 615 F.3d 1058, 1067-68 (9th Cir. 2010).

Calixtro-Bustamante's unopposed motion to supplement the record is granted.

**AFFIRMED.**