**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10239 |
| Plaintiff-Appellee, | D.C. No. 2:10-cr-00173-KJD-RJJ-1 |
| v. | |
| BRETT COMBS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted June 15, 2018**
San Francisco, California

Before: MURPHY,*** PAEZ, and IKUTA, Circuit Judges.

Brett Combs appeals his sentence of 63 months imprisonment, with 48

months consecutive to his Nevada state sentence, for possession of a firearm by a

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Michael R. Murphy, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

At his May 24, 2017 resentencing, Combs received "no net increase in punishment," *United States v. Horob*, 735 F.3d 866, 870 (9th Cir. 2013) (per curiam) (citation omitted), over his original sentence; rather, he received a shorter overall sentence (63 months versus 115 months), with the same amount of time running consecutive to his Nevada state sentence (48 months).[1]  Therefore, the presumption of vindictiveness under *North Carolina v. Pearce*, 395 U.S. 711 (1969), *limited on other grounds by Alabama v. Smith*, 490 U.S. 794 (1989), does not apply.  *Horob*, 735 F.3d at 870.

Because the district court's comments at resentencing reflected a permissible consideration of relevant factors, Combs did not demonstrate that the district court was actually vindictive in imposing the sentence.  The district court permissibly interpreted Combs's repeated requests for an ex parte hearing on his innocence, as a "refusal to accept responsibility for his actions." *United States v. Plascencia-Orozco*, 852 F.3d 910, 928 (9th Cir. 2017); *see also Horob*, 735 F.3d at 871–72. Further, the district court did not demonstrate vindictiveness by considering factors

---

[1] Because the Sentencing Guidelines recommendation does not affect whether Combs's sentence is presumptively vindictive, we need not consider whether the 2011 or 2016 Guidelines applied to his resentencing.

2

on which it did not rely at Combs's initial sentencing, because on resentencing, the district court is "free to consider any matters relevant to sentencing . . . as if it were sentencing de novo." *United States v. Matthews*, 278 F.3d 880, 885–86 (9th Cir. 2002) (en banc).

**AFFIRMED.**