**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50093; 17-50096 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00725-CAS-1 |
| v. | |
| GULLETT-EL TAQUAN-RASHE, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted February 4, 2019
Pasadena, California

Before: WARDLAW and BEA, Circuit Judges, and DRAIN,** District Judge.

Gullett-El Taquan-Rashe ("Gullett") raises two issues in this consolidated

appeal. First, Gullett challenges his convictions of making a false claim against a

government agency (Counts One and Two), in violation of 18 U.S.C. § 287, and

attempting to file a false lien or encumbrance against government employees or

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Gershwin A. Drain, United States District Judge for the Eastern District of Michigan, sitting by designation.

officials (Counts Three and Four), in violation of 18 U.S.C. § 1521. He argues the district court erred in revoking his *pro se* status prior to trial, thereby mandating a reversal of his convictions. Second, Gullett challenges the district court's imposition of a two-level sentencing enhancement under U.S.S.G. § 2A6.1(b)(2)(B), arguing the court erred in finding his offenses involved more than two false liens or encumbrances. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

1. The district court did not err in revoking Gullett's *pro se* status. Gullett implicitly consented to the revocation of his *Faretta* rights when standby counsel stated on the record, with Gullett present, that Gullett preferred representation if the court was going to proceed to trial without a continuance, and, when given the opportunity to speak, he did not object. *See McKaskle v. Wiggins*, 465 U.S. 168, 182 (1984) ("A defendant can waive his *Faretta* rights. . . . Even when he insists that he is not waiving his *Faretta* rights, a *pro se* defendant's solicitation of or acquiescence in certain types of participation by counsel substantially undermines later protestations that counsel interfered unacceptably."). Absent any indication that Gullett opposed standby counsel's statement, the district court had no way of knowing that he held a different position on the matter, assuming he did in fact hold such a position at the time. *See id.* at 179 (holding *Faretta* rights are adequately vindicated where the defendant has the opportunity to address the court

2

freely and disagreements with standby counsel are resolved in the defendant's favor).

2.  Nor did the district court err in imposing a two-level sentencing enhancement under § 2A6.1(b)(2)(B).  In determining whether to apply an enhancement under § 2A6.1(b)(2)(B), courts are permitted to consider all "relevant conduct" that occurred prior to and during the offense of conviction.  *See* U.S.S.G. § 2A6.1(b)(2)(B), cmt. n.1; U.S.S.G. § 1B1.1, cmt. n.1(H).  Relevant conduct includes "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant."  U.S.S.G. § 1B1.3(a)(1)(A).  It follows that courts may consider uncharged conduct when determining whether to apply an enhancement under § 2A6.1(b)(2)(B).  *See United States v. Horob*, 735 F.3d 866, 872 (9th Cir. 2013).

Counts Three and Four of Gullett's convictions were predicated on a December 1, 2010 filing in Los Angeles County, California that attempted to impose false liens on the property of two IRS employees, Barbara Gourley and Maureen Green.  While the underlying indictment named only Gourley and Green as victims, Gullett's 2010 California filing also purported to impose false liens on the property of two additional government officials, J. Russell George and Douglas Shulman.  Consequently, Gullett's 2010 California filing, in and of itself, provided

sufficient grounds to find his offenses involved more than two false liens or encumbrances.

**AFFIRMED.**