**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 28 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50161 |
| Plaintiff-Appellee, | D.C. No. 2:10-cr-00923-SJO-1 |
| v. | |
| GARY WHITE, AKA Big J-Killa, AKA Big Killa, AKA JC, AKA James Cail White, AKA JC White, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted May 21, 2019**

Before: THOMAS, Chief Judge, FRIEDLAND and BENNETT, Circuit Judges.

Gary White appeals from the district court's judgment and challenges the

168-month sentence imposed on remand for conspiracy to engage in racketeering

activity, in violation of 18 U.S.C. § 1962(d), and distribution of controlled

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

substances, in violation of 21 U.S.C. § 860. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

White contends that the district court was vindictive by imposing the same sentence on remand. We disagree. Because the district court did not impose a higher sentence, a presumption of vindictiveness does not apply. *See United States v. Horob,* 735 F.3d 866, 869-70 (9th Cir. 2013). Nor has White proffered any evidence of actual vindictiveness. The record reflects that the district court properly considered the relevant 18 U.S.C. § 3553(a) sentencing factors and concluded that the same sentence was warranted in light of those factors. We also reject White's argument that under the law-of-the-case doctrine, the district court was precluded from imposing the same sentence on remand.

White also contends that his sentence is substantively unreasonable. The district court did not abuse its discretion. *See Gall v. United States,* 552 U.S. 38, 51 (2007). The above-Guidelines sentence is substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances, including the nature of the offense, White's lengthy criminal history, and his leadership role. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**