NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 4 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50014 |
| Plaintiff-Appellee, | D.C. No. 5:14-cr-00020-VAP-1 |
| v. | |
| MATTHEW FRAZER, AKA Matthew Wade Frazer, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Argued and Submitted November 4, 2019
Pasadena, California

Before: MURGUIA and HURWITZ, Circuit Judges, and GUIROLA,** District Judge.

In 2014, Matthew Frazer entered into a plea agreement under Federal Rule

of Criminal Procedure 11(c)(1)(C) in which he pleaded guilty to one count of

distribution and one count of possession of child pornography. The agreement

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Louis Guirola, Jr., United States District Judge for the Southern District of Mississippi, sitting by designation.

provided for a sentencing range between 120 and 276 months imprisonment and ten years of supervised release subject to a number of supervised release conditions. The district court imposed a 276-month sentence, but this Court vacated for resentencing because of ambiguity in the district court's written judgments. In 2017, the district court resentenced Frazer to 276 months imprisonment but imposed some supervised release conditions that differed from those imposed at the first sentencing hearing in 2014. After Frazer asked the district court to impose only the conditions pronounced orally at his 2014 sentencing hearing, the district court issued a judgment confirming the 2017 terms, but then issued an amended order that same day reverting to the 2014 terms outlined in the district court's written orders. Frazer sought clarification, and the district court directed the clerk to amend the judgment to conform to the 2014 oral pronouncement, but this was never done.

Frazer challenges both his term of imprisonment and the new conditions of supervised release. We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We dismiss in part, vacate in part, and remand.

We review whether a pleading defendant has waived his right to appeal and whether a district court's imposition of a higher sentence at resentencing was vindictive *de novo*. *United States v. Torres*, 828 F.3d 1113, 1118 (9th Cir. 2016); *United States v. Horob*, 735 F.3d 866, 869 (9th Cir. 2013) (per curiam).

2

1. Because the district court imposed a sentence between 120 and 276 months, the appellate waiver in the plea agreement forecloses Frazer's challenge to the district court's guidelines calculation. *See United States v. Medina-Carrasco*, 815 F.3d 457, 462 (9th Cir. 2016) ("[B]ecause Defendant expressly waived his right to challenge sentencing guidelines determinations, a sentence 'in accordance with' the plea agreement need not rest on a correct guidelines determination."). The appellate waiver provision provided that Frazer "gives up the right to appeal any portion of [his] sentence" "provided the Court imposes a sentence within the sentencing range [of 120 and 276 months imprisonment]." Moreover, review of Frazer's plea colloquy eliminates any possible doubt as to whether the waiver encompasses Frazer's challenge. Frazer expressly acknowledged that he was "giving up [the] right to appeal the length of the sentence[,] the way [the district court] calculated or arrived at the sentence," "so as long as [the] sentence falls within [the] range of 10 years to 23 years." Frazer's plea agreement guaranteed him only a sentence within a range, and he received the benefit of that bargain. *See id.* at 462–63 (dismissing appeal where defendant waived the right to challenge "any sentencing guideline determinations" and received a sentence within the prescribed range). We therefore dismiss the appeal to the extent Frazer challenges the district court's sentencing calculation.

2.      However, Frazer did not waive the right to challenge the supervised released conditions imposed in 2017. The government concedes that Standard Conditions 5, 6, and 14 of Frazer's plea agreement were partially invalidated by *United States v. Evans*, 883 F.3d 1154, 1162–64 (9th Cir. 2018). Therefore, we vacate the supervised release sentence and remand to allow the district court to impose valid conditions of supervised release. *See United States v. Ped*, No. 18-50179, 2019 WL 6042813, at *4–5 (9th Cir. Nov. 15, 2019). We therefore need not address Frazer's remaining challenges to the 2017 supervised release conditions or whether the district court effectively reimposed the conditions pronounced orally in 2014; the district court can impose its intended conditions on remand.

3.      We reject Frazer's argument that the district court acted vindictively at resentencing. "Vindictiveness is presumed whenever the trial judge increases the defendant's sentence after a successful attack on the first conviction and the reasons for the enhancement do not 'affirmatively appear.'" *Horob*, 735 F.3d at 869 (quoting *Nulph v. Cook*, 333 F.3d 1052, 1057 (9th Cir. 2003)). Absent the presumption, the burden remains on the defendant to show actual vindictiveness. *See id.* at 871. But the record is clear that the district court originally intended to sentence Frazer to 276 months imprisonment, having stated that it would "sentenc[e] the defendant at the top range of the plea agreement" and would "abide

4

by [its] stated intended sentence of 276 months." It is also clear that, after Frazer's requests, the district court attempted to reimpose the supervised release conditions to track those imposed at the 2014 sentencing hearing. Therefore, the presumption of vindictiveness does not apply, *see id.* at 870 (finding that presumption of vindictiveness does not apply where overall sentence was not increased), and Frazer fails to offer evidence of actual vindictiveness.

4.      We reject Frazer's argument that reassignment to a different judge is warranted on remand. We have observed that reassignment "is reserved for rare and extraordinary circumstances." *Krechman v. Cty. of Riverside*, 723 F.3d 1104, 1112 (9th Cir. 2013) (internal quotation mark omitted). "We make two inquires when deciding whether to reassign a case" to a different judge on remand: (1) "whether the district court has exhibited personal bias requiring recusal from [the] case"; and (2) "whether 'unusual circumstances' warrant reassignment." *In re Ellis*, 356 F.3d 1198, 1211 (9th Cir. 2004) (en banc) (internal quotation marks omitted). The record does not demonstrate either personal bias or unusual circumstances requiring recusal.

**DISMISSED in part, VACATED in part, and REMANDED**.