**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 2 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10314 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 2:11-cr-00468-TLN-3 |
| ERIK HERMANN GREEN, | |
| Defendant-Appellant. | MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Argued and Submitted March 16, 2021
San Francisco, California

Before: BERZON, MURGUIA, and CHRISTEN, Circuit Judges.

Defendant Erik Green appeals his conviction and sentence, after remand and

retrial, on three counts of wire fraud involving a mortgage lending scheme. He

argues that the government provided insufficient evidence to prove two of the

counts, the proof at trial fatally varied from his indictment, the district court erred

in calculating restitution, and that the district court's sentence in his retrial was

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

vindictive.  We affirm.[1]

1.  We review de novo an order denying a motion for judgment of acquittal based on insufficiency of the evidence.  *United States v. Hernandez*, 105 F.3d 1330, 1332 (9th Cir. 1997).  "There is sufficient evidence to support a conviction if, 'viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"  *United States v. Sullivan*, 522 F.3d 967, 974 (9th Cir. 2008) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

There is sufficient evidence in the record to allow a rational juror to determine that Green "used, or caused to be used, an interstate wire communication to carry out or attempt to carry out an essential part of" a fraudulent scheme to obtain two loans from New Century Mortgage.  Although the witness who presented the wires at issue, Roberto Amenta, named Deutsche Bank as the originator of the transfers, the government provided circumstantial evidence and testimony that the loan funds came from New Century Mortgage.

The wires themselves included Green's name and the loan numbers from his New Century Mortgage loan documents.  Cynthia Perez of Placer Title Company testified that Placer's summary of deposits into and disbursements from escrow for

---

[1] This case was previously consolidated with *United States v. Green*, 20-10194.  We now sever the cases for the purpose of disposition.

2

Erik Green's house purchase indicated that Placer received $655,869.54 and $161,633.48 in "a wire of loan funds from New Century." The two wires transmitted through Deutsche Bank were in those precise amounts. A rational juror could therefore easily conclude that New Century Mortgage wired the money through Deutsche Bank.

As the government's evidence was sufficient for a juror to determine that the funds at issue were wired by New Century Mortgage, there was no variance from the indictment. *See United States v. Adamson*, 291 F.3d 606, 614–15 (9th Cir. 2002).

2. Because Green did not object to the restitution order before the district court, we review his challenge to the amount of restitution only for plain error. *United States v. Beecroft*, 825 F.3d 991, 995 (9th Cir. 2016). "Under plain error review, 'an appellate court may, in its discretion, correct an error not raised at trial only where the appellant demonstrates that (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights . . . ; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings.'" *United States v. Lopez*, 762 F.3d 852, 863 (9th Cir. 2014) (quoting *United States v. Marcus*, 560 U.S. 258, 262 (2010)).

The district court did not plainly err in calculating restitution. The

restitution formula for a direct loan provider can be calculated by taking the unpaid principal balance on the fraudulently acquired loan and reducing it by the amount the lender received from resale of the loan. *See United States v. Yeung*, 672 F.3d 594, 602 (9th Cir. 2012), *abrogated on other grounds by Robers v. United States*, 572 U.S. 639 (2014); *Robers*, 572 U.S. at 641, 643. The record shows that the difference between Green's unpaid balance to New Century Mortgage and the sales price of the loans was $118,421.54. "Fluctuations in property values"—and consequently in the value of property loans on the secondary market—are foreseeable. *Robers*, 572 U.S. at 645. Just as "losses in part incurred through a decline in the value of collateral sold are directly related to an offender's having obtained collateralized property through fraud," *id.* at 645–46, losses incurred through a decline in the value of a loan fraudulently obtained are directly related to the offender's having obtained the loan—and the house that was collateral for the loan—through fraud.

It was therefore not plain error for the district court to conclude that New Century's loss was proximately caused by Green's fraud in obtaining the loan.[2]

3. The district court's imposition of a 27-month sentence was not vindictive. Green is not entitled to a presumption of vindictiveness because he received the

---

[2] Green's suggestion that New Century Mortgage may have chosen to sell his loans at a "discounted price[]" without regard to their market value has no support in the record.

same sentence after remand on each count on which he was convicted, and the same total term of imprisonment, as he did in his first sentencing. *United States v. Horob*, 735 F.3d 866, 870 (9th Cir. 2013). Absent a presumption, Green bears the burden to show actual vindictiveness. *Id.* at 871.

Green has not made such a showing. There is no evidence that the district court's decision to apply a two-level downward adjustment for a minor participant under U.S.S.G. § 3B1.2, rather than the prior four-level adjustment for a minimal participant, was retaliatory. Although the evidence of Green's experience in and knowledge of the mortgage industry had been in the record in the first trial, the pertinence of that evidence was heightened once Green introduced his new expert. Green's background and emails, which were emphasized to show that he was aware of the materiality of his misrepresentations, reasonably implicated the "degree to which [he] understood the scope and structure of the criminal activity" and "the degree to which [he] participated in planning or organizing," both relevant factors in determining the level of the mitigating role adjustment. U.S.S.G. § 3B1.2 cmt. n.3(C)(i)–(ii). The district court's justification for applying a minor participant adjustment was therefore supported by the record and does not show vindictiveness.

**AFFIRMED.**