**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 21 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10518 |
| Plaintiff-Appellee, | D.C. No. 1:16-cr-00013-FMTG-1 |
| v. | |
| KWON WOO SUNG, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Guam
Frances Tydingco-Gatewood, Chief Judge, Presiding

Argued and Submitted August 8, 2017
Pasadena, California

Before: CALLAHAN and OWENS, Circuit Judges, and FABER,[**] District Judge.

Defendant Kwon Woo Sung ("Sung") appeals from the sentence imposed following his guilty plea to one count of interference with flight crew members and attendants in violation of 49 U.S.C. § 46504. As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 18 U.S.C. § 3742

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable David A. Faber, United States District Judge for the Southern District of West Virginia, sitting by designation.

and 28 U.S.C. § 1291.  We vacate the sentence and remand for resentencing.

"We review a district judge's sentence for abuse of discretion."  *United States v. Blinkinsop*, 606 F.3d 1110, 1114 (9th Cir. 2010).  This "requires determining:  (1) whether there was procedural error in formulating the sentence, and (2) whether the sentence is substantively reasonable."  *Id.*

While now advisory, the Sentencing Guidelines "should be the starting point and the initial benchmark" for sentencing determinations.  *Gall v. United States*, 552 U.S. 38, 49 (2007).  Reversible procedural error exists where a district court "use[s] the statutory maximum rather than the guidelines range as the baseline for sentencing."  *United States v. Burgum*, 633 F.3d 810, 813 (9th Cir. 2011).

Although here the district court mentioned the zero to six month Guidelines range several times during sentencing, the record indicates that it used 49 U.S.C. § 46504's statutory maximum—and not the Guidelines—as the baseline for sentencing.  The district court repeatedly stated that its "initial thought was to sentence the defendant to ten years' imprisonment."  Further, it explained that it had "thrown out the sentencing guidelines," and was "sentencing [Sung] under the statute."  Accordingly, because the district court did not use the Guidelines as the baseline for sentencing, it committed reversible procedural error.

Where reversible procedural error exists, we "remand for resentencing pursuant to 18 U.S.C. § 3742(f), without reaching the question of whether the

2

sentence as a whole is reasonable in light of [18 U.S.C.] § 3553(a)." *United States v. Cantrell*, 433 F.3d 1269, 1280 (9th Cir. 2006). Accordingly, we do not reach the sentence's substantive reasonableness.[1]

**VACATED and REMANDED.**

---

[1] We also do not reach Sung's contention that the district court erred in finding him ineligible for home confinement under U.S.S.G. § 5C1.1.