**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   17-10435 |
| Plaintiff-Appellee, | DC No. CR 16-0013 FMTG |
| v. | |
| KWON WOO SUNG, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the District Court of Guam
Frances Tydingco-Gatewood, Chief Judge, Presiding

Argued and Submitted June 11, 2018
Honolulu, Hawaii

Before:    TASHIMA, W. FLETCHER, and HURWITZ, Circuit Judges.

Defendant Kwon Woo Sung ("Dr. Kwon") appeals from the sentence

imposed following his guilty plea to one count of interference with flight crew

members and attendants in violation of 49 U.S.C. § 46504.  As the parties are

familiar with the facts, we do not recount them here.  This is Dr. Kwon's second

appeal of his above-Guidelines sentence in a case where both parties agreed that a

_____

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

time-served sentence at the low end of the zero-to-six-months Guidelines range suffaced. *See United States v. Kwon Woo Sung*, 704 F. App'x 669 (9th Cir. 2017) (vacating sentence and remanding for procedural error). Dr. Kwon, a South Korean national, has been detained on Guam for over two years while he pressed these appeals; as a consequence, he has lost his dental practice.

We again vacate his sentence and we remand for resentencing with instructions that the case be reassigned to a different district judge.

**1.** "We review a district judge's sentence for abuse of discretion." *United States v. Blinkinsop*, 606 F.3d 1110, 1114 (9th Cir. 2010). This "requires determining: (1) whether there was procedural error in formulating the sentence, and (2) whether the sentence is substantively reasonable." *Id.*

The district court again committed procedural error. Despite this court's prior mandate, the district court again stated that it was keeping the statutory range in mind rather than remaining cognizant of the Guidelines range throughout the sentencing process as is required. *See Peugh v. United States*, 569 U.S. 530, 541 (2013) (quoting *Gall v. United States*, 552 U.S. 38, 50 n.6 (2007)).

The district court also erred by failing to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). The district court

stated that it could not consider this factor because it had never sentenced a defendant for a similar crime and need not consider similar cases from other jurisdictions. This was error, as "Congress's primary goal in enacting § 3553(a)(6) was to promote *national uniformity* in sentencing." *United States v. Saeteurn*, 504 F.3d 1175, 1181 (9th Cir. 2007) (citations omitted) (emphasis added). The impact of the district court's failure to consider this § 3553(a) factor is particularly acute given the magnitude of the variance and the government's acknowledgment that some of the aggravating factors the court relied on were subsumed within the Guidelines range. *See United States v. Carty*, 520 F.3d 984, 992–93 (9th Cir. 2008) (en banc).

The district court's failure to explain the sentence imposed also requires vacation of the sentence. *See id.* at 993. The district court initially relied on various factors, such as Dr. Kwon's mental health, family situation, employment record, and military service, as mitigating evidence to justify a reduction from the statutory range, but on remand concluded that the same evidence was aggravating and warranted a significant increase from the correct benchmark range under the Guidelines. In light of this about-face and the extent of the upward variance, the district court's explanation for the sentence imposed was inadequate. *See id.* at 992; *see also Gall*, 552 U.S. at 46 ("[A] district judge must give serious

consideration to the extent of any departure from the Guidelines and must explain [her] conclusion that . . . an unusually harsh sentence is appropriate in a particular case with sufficient justifications.").

In light of this record, we vacate the sentence and remand for resentencing.

**2.** Dr. Kwon requests that this court remand the case to a different district judge for resentencing. The government does not object to this request. We agree that this is the unusual case where reassignment is necessary because the record demonstrates that the original judge would have difficulty putting out of her mind her previously expressed erroneous views, some of which this court already concluded constituted procedural error. *See United States v. Paul*, 561 F.3d 970, 975 (9th Cir. 2009). Reassignment is also necessary to preserve the appearance of fairness and justice, as the record indicates the district judge's opinion would remain unchanged on a second remand and that Dr. Kwon's sentence would be all but preordained. *See id.* The interest of Dr. Kwon receiving a procedurally reasonable sentence also outweighs any concern with duplication of effort in this straightforward case where no one disputes the facts or the applicable Guidelines. *See id.*

We thus direct that on remand, this case be assigned to a different district judge.

**VACATED and REMANDED** with instructions.  In light of the

circumstances, the mandate shall issue forthwith.[1]

---

[1]    Dr. Kwon has not met his burden of showing the sentence was actually vindictive.  *See United States v. Horob*, 735 F.3d 866, 870–71 (9th Cir. 2013) (per curiam).  Although both parties – and this court – may believe that a time-served sentence is appropriate to address the § 3553(a) factors in this case, we do not find it appropriate to remand with instructions that Dr. Kwon receive a specific sentence.  Instead, we leave that task to the district court and, given the circumstances, presume that the newly-assigned district judge will expedite what will now be Dr. Kwon's third resentencing.